**UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT**

**DIPESH SINGLA,**
**Petitioner,**

**v.**

**NATIONAL LABOR RELATIONS BOARD,**
**Respondent.**

**No. 26-2788**

# PETITIONER'S BRIEF MEMORANDUM REGARDING JURISDICTION

**Pursuant to the Court's Order Dated September 1, 2026**

Petitioner Dipesh Singla, proceeding pro se, respectfully submits this brief memorandum in response to the Court's September 1, 2026, order. Petitioner asserts that this Court has jurisdiction over his Petition for Review and that the case should not be dismissed.

## I. Introduction

On August 27, 2026, the National Labor Relations Board's ("NLRB" or "Board") Office of Appeals issued final orders in four separate cases: **13-CA-366016, 13-CA-383755, 13-CB-376043, and 13-CB-376044**. These orders denied **Petitioner's appeals** from the Regional Director's refusal to issue complaints. The Office of Appeals' decisions were final and conclusive, and the NLRB Region 13 office subsequently confirmed that no further internal administrative remedies remained, stating that "the appeal process has been exhausted" and that the cases "will be closed." Therefore, Petitioner has exhausted all available administrative remedies within the NLRB.

The crux of this Court's jurisdiction lies in its authority under 29 U.S.C. § 160(f) to review a "final order of the Board." While the General Counsel's decisions to decline prosecution are generally unreviewable, the orders in Petitioner's case constitute the Board's final action and in addition falls squarely within the narrow but critical exception established in **Leedom v. Kyne, 358 U.S. 184 (1958) .**

## II. The Jurisdictional Question and Petitioner's Response

### A. The Orders Are Final and Exhaustion Is Complete

The threshold requirement for jurisdiction is the presence of a "final order of the Board." 29 U.S.C. § 160(f). The Office of Appeals' denials on August 27, 2026, were **final orders**. In each denial letter, the Board determined the merits of the case on the ultimate questions of liability:

- **Case 13-CA-366016:** The Board expressly found that the "Employer had a legitimate nondiscriminatory reason for its decision and **satisfied its burden under Wright Line** to establish that it would have taken the same action even in absence of the employee's protected concerted activities." (Emphasis added).

This is a definitive, merits-based adjudication. The Board did not merely exercise its prosecutorial discretion; it made a binding legal and factual determination on the very issues that would be tried in a formal proceeding. The absence of any further internal appeal rights was confirmed by the NLRB Region 13 office in an email to Petitioner, which stated: "Since the appeal process has been exhausted in these cases, the cases will be closed."

**B. The Leedom v. Kyne Exception Provides This Court with Jurisdiction**

In **Leedom v. Kyne, 358 U.S. 184 (1958)** , the Supreme Court held that judicial review is available when the NLRB acts "**in excess of its delegated powers and contrary to a specific prohibition in the Act.** " This exception applies here for multiple, independent reasons.

1. **Failure to Apply Mandatory Legal Frameworks:** The NLRB failed to properly apply the burden-shifting framework mandated by **Wright Line, 251 NLRB 1083 (1980),** and approved by the Supreme Court in **NLRB v. Transportation Management Corp., 462 U.S. 393 (1983)** . Instead of requiring the Employer to prove it would have acted the same way absent protected conduct, the Board placed the burden on Petitioner. This is a clear violation of the substantive requirements of the Act.
2. **Ignoring "Smoking Gun" Evidence:** The Board ignored material, "smoking gun" evidence of document fabrication, including forensic metadata showing that a critical University document was created on an Apple device Petitioner has never owned. The Board's refusal to even acknowledge or investigate this evidence is an action that is contrary to its duty to conduct a full and fair investigation under the Act.
3. **Denial of a Neutral Decision-Maker:** The Board denied Petitioner a neutral trier of fact, rendering its merits determinations a violation of the Due Process Clause of the Fifth Amendment. All four charges were assigned to a single agent, Zachary Manor, against whom Petitioner filed a formal bias complaint. Despite this, the same agent remained assigned, and all four charges were dismissed simultaneously. A hearing before a neutral Administrative Law Judge, a specific procedural safeguard of the Act, was never provided, yet the Board made final adjudications. This is conduct "in excess of its delegated powers."
4. **Constitutional Violations:** The Board’s actions, including the denial of accommodations for Petitioner's disability and the violation of due process rights through a tainted process, are also subject to review as constitutional claims. This Court has jurisdiction under 28 U.S.C. § 1331 to review claims arising under the Constitution.

**C. The Seventh Circuit Has Previously Distinguished Cases Like This**

This case is distinguishable from **Sparks v. NLRB, 835 F.2d 705 (7th Cir. 1987)** , cited in the Court's order. In *Sparks*, the court addressed the unreviewable nature of the General Counsel's decision not to file a complaint. However, here, the Board’s decision goes far beyond a mere refusal to file a complaint. The Office of Appeals **adjudicated** the merits of the Petitioner's claims, conclusively determining that the Employer had satisfied its burden of proof. This adjudication, made without a hearing or neutral fact-finder, transforms the decision from a pure

exercise of prosecutorial discretion into a final, reviewable order of the Board. The Seventh Circuit retains jurisdiction to review claims that the agency has acted in a manner that is arbitrary, capricious, or contrary to law.

Combined Memo All exhibits till date in 26-2788 singla v nlrb appeals.pdf: https://drive.google.com/file/d/1nns6_sZC7Tpts_SwV90XOm-WIXOPZF4h/view?usp=sharing

**III. Conclusion**

The NLRB's orders of August 27, 2026, are final orders of the NLRB, and no further administrative remedies exist. The actions of the Board in reaching these final orders are a clear violation of the procedures and mandates of the National Labor Relations Act and the Constitution of the United States. The Board acted not merely as a prosecutor, but as an adjudicator, and its adjudication was fundamentally flawed, tainted by bias, and unsupported by the evidence.

Therefore, Petitioner respectfully requests that this Court:

1. Deny any motion to dismiss/dismissal for lack of jurisdiction.
2. Proceed with the review of the Petition, as the Court has jurisdiction under 29 U.S.C. § 160(f) and the **Leedom v. Kyne** exception.
3. Order the immediate filing of the administrative record, as the jurisdictional issue has been briefed.

Respectfully submitted this 1st day of September, 2026.

**Dipesh Singla**
Petitioner, Pro Se
184, NAC, Shivalik Enclave, Manimajra
Chandigarh, 160101, India
dipeshsingla668@gmail.com
+1 (773) 457-1046

**CERTIFICATE OF SERVICE**

I certify that on this 1st day of September, 2026, a true and correct copy of the foregoing **Petitioner's Brief Memorandum Regarding Jurisdiction** was filed with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit via email.

Served to: USCA7_Clerk@ca7.uscourts.gov

**Dipesh Singla**

Pro Se

UNITED STATES GOVERNMENT
**NATIONAL LABOR RELATIONS BOARD**
**OFFICE OF THE GENERAL COUNSEL**
**Washington, DC 20570-0001**

August 27, 2026

DIPESH SINGLA
5118 S BLACKSTONE AVE
CHICAGO, IL 60615

Re: University of Chicago
Case 13-CA-366016

Dear Mr. Singla:

Your appeal from the Regional Director's refusal to issue complaint has been carefully considered.The appeal is denied substantially for the reasons in the Regional Director's letter of April 30, 2026. Notwithstanding your contention on appeal, we determined that a departure from the Regional Director's decision was not warranted as the evidence failed to establish the Employer took adverse action against you because of any protected activity in which you may have engaged, in violation of Section 8(a)(1) and/or (3) of the National Labor Relations Act. In this regard, we determined that the Employer had a legitimate nondiscriminatory reason for its decision and satisfied its burden under *Wright Line* to establish that it would have taken the same action even in absence of the employee's protected concerted activities. See *Wright Line,* 251 NLRB 1083 (1980), enfd. 662 F.2d 899 (1st Cir. 1981), cert. denied 455 U.S. 989 (1982).

While you questioned the adequacy of the Regional Office's investigation, a review of the scope and contents of the investigatory record disclosed that it was conducted in accordance with the procedures applicable to all cases and was adequate to resolve the issues presented. Consequently, nothing raised on appeal warrants a conclusion contrary to that of the Regional Director.

Sincerely,

Crystal S. Carey
General Counsel

By: ______________________________
Elicia L. Watts, Director
Office of Appeals

cc: REGION

ANNELIESE WERMUTH
VICE CHAIR, LABOR & EMPLOYMENT
COZEN O'CONNOR
123 N WACKER DR STE 1800
CHICAGO, IL 60606-1770

JACOB M. RUBINSTEIN, ESQ.
COZEN O'CONNOR
4875 PEARL E CIR STE 101
BOULDER, CO 80301-6104

UNIVERSITY OF CHICAGO
5801 S ELLIS AVE
CHICAGO, IL 60637

kh

**UNITED STATES GOVERNMENT**
**NATIONAL LABOR RELATIONS BOARD**
**OFFICE OF THE GENERAL COUNSEL**
**Washington, DC 20570-0001**

August 27, 2026

DIPESH SINGLA
5118 S BLACKSTONE AVE
CHICAGO, IL 60615

Re: The University of Chicago
Case 13-CA-383755

Dear Mr. Singla:

Your appeal from the Regional Director's refusal to issue complaint has been carefully considered. The appeal is denied substantially for the reasons in the Regional Director's letter of April 30, 2026. Notwithstanding your contention on appeal, we determined that a departure from the Regional Director's decision was not warranted, as the evidence did not support finding that the Employer violated Section 8(a)(1), (2) and (4) as alleged in the unfair labor practice charge.

While you questioned the adequacy of the Regional Office's investigation, a review of the scope and contents of the investigatory record disclosed that it was conducted in accordance with the procedures applicable to all cases and was adequate to resolve the issues presented. Consequently, nothing raised on appeal warrants a conclusion contrary to that of the Regional Director.

Sincerely,

Crystal S. Carey
General Counsel

By: ______________________________
Elicia L. Watts, Director
Office of Appeals

cc: REGION

THE UNIVERSITY OF CHICAGO
5801 S ELIIS AVE
CHICAGO, IL 60637

kh

UNITED STATES GOVERNMENT
**NATIONAL LABOR RELATIONS BOARD**
OFFICE OF THE GENERAL COUNSEL
Washington, DC 20570-0001

August 27, 2026

DIPESH SINGLA
184, SHIVALIK ENCLAVE NAC
SHIVALIK ENCLAVE, SECTOR 13
MANIMAJRA, CHANDIGARH, 160101

Re: Teamsters Local 743(The University of Chicago)
Case 13-CB-376043

Dear Mr. Singla:

Your appeal from the Regional Director's refusal to issue complaint has been carefully considered. The appeal is denied substantially for the reasons in the Regional Director's letter of April 30, 2026.

Sincerely,

Crystal S. Carey
General Counsel

By: ______________________
Elicia L. Watts, Director
Office of Appeals

cc: REGION

HAROLD JOHNSON
TEAMSTERS LOCAL 743
4620 S TRIPP AVE
CHICAGO, IL 60632

KATHERINE BAICKER
THE UNIVERSITY OF CHICAGO
5801 S ELLIS AVE
CHICAGO, IL 60637

VIVIAN F. SCHMITTER, GENERAL COUNSEL
HEALTH CARE, PROFESSIONAL, TECHNICAL,
OFFICE, WAREHOUSE & MAIL ORDER
EMPLOYEES UNION, INTERNATIONAL
BROTHERHOOD OF TEAMSTERS, LOCAL 743, IBT
4620 S TRIPP AVE
CHICAGO, IL 60632-4419

kh

**UNITED STATES GOVERNMENT**
**NATIONAL LABOR RELATIONS BOARD**
**OFFICE OF THE GENERAL COUNSEL**
**Washington, DC 20570-0001**

August 27, 2026

DIPESH SINGLA
5118 S BLACKSTONE AVE 1N
CHICAGO, IL 60615

Re: Graduate Students United at the University of Chicago (University of Chicago)
Case 13-CB-376044

Dear Mr. Singla:

Your appeal from the Regional Director's refusal to issue complaint has been carefully considered. The appeal is denied substantially for the reasons in the Regional Director's letter of April 30, 2026. We determined that a departure from the Regional Director's decision was not warranted. In that regard, and notwithstanding your contention on appeal, the allegation that the Union's failure to process a grievance on your behalf when you contacted it in December 2025 was a continuing violation and/or an independent violation is unsupported by the evidence.

Moreover, while you questioned the adequacy of the Regional Office's investigation, a review of the scope and contents of the investigatory record disclosed that it was conducted in accordance with the procedures applicable to all cases and was adequate to resolve the issues presented. Consequently, nothing raised on appeal warrants a conclusion contrary to that of the Regional Director.

Sincerely,

Crystal S. Carey
General Counsel

By: ______________________________
Elicia L. Watts, Director
Office of Appeals

cc: REGION

JOSEPH RATHKE
GRADUATE STUDENTS UNITED AT THE
UNIVERSITY OF CHICAGO
5600 S WOODLAWN AVE 4TH FL
CHICAGO, IL 60637

KATHERINE BAICKER
THE UNIVERSITY OF CHICAGO
5801 S ELLIS AVE
CHICAGO, IL 60637

MARGOT NIKITAS, GENERAL COUNSEL
UNITED ELECTRICAL RADIO AND MACHINE
WORKERS OF AMERICA, LOCAL 506
4 SMITHFIELD ST 9TH FL
PITTSBURGH, PA 15222

kh

UNITED STATES GOVERNMENT
NATIONAL LABOR RELATIONS BOARD

REGION 13
Dirksen Federal Building
219 South Dearborn Street, Suite 808
Chicago, IL 60604-2027

Agency Website: www.nlrb.gov
Telephone: (312)353-7570
Fax: (312)886-1341

April 30, 2026

**(Via electronic mail unless otherwise indicated)**

Dipesh Singla
dipeshsingla668@gmail.com

Re: University of Chicago
Case 13-CA-366016

Dear Dipesh Singla:

We have carefully investigated and considered your charge that the University of Chicago has violated the National Labor Relations Act.

**Decision to Dismiss:** You have alleged the Employer violated Section 8(a)(1) and (3) of the Act by disciplining, discharging, and refusing to hire you. The evidence, however, is insufficient to show that the Employer took any adverse employment action against you due to your union and protected concerted activities, or for reasons other than those advanced by the Employer. In addition, you have alleged the Employer denied your request for union representation during a disciplinary hearing. However, the undisputed evidence shows that a union steward was in fact permitted to attend your disciplinary hearing.

**Charging Party's Right to Appeal:** The Charging Party may appeal my decision to the General Counsel of the National Labor Relations Board, through the Office of Appeals.

**Means of Filing: You must file your appeal electronically or provide a written statement explaining why electronic submission is not possible or feasible. Written instructions for the NLRB's E-Filing system and the Terms and Conditions of the NLRB's E-Filing policy are available at www.nlrb.gov. See User Guide. A video demonstration which provides step-by-step instructions and frequently asked questions are also available at www.nlrb.gov. If you require additional assistance with E-Filing, please contact e-Filing@nlrb.gov.**

You are encouraged to also submit a complete statement of the facts and reasons why you believe my decision was incorrect. If you cannot file electronically, please send the appeal and

your written explanation of why you cannot file electronically to the **General Counsel** at the **National Labor Relations Board, Attn: Office of Appeals, 1015 Half Street SE, Washington, DC 20570-0001**. Unless filed electronically, a copy of the appeal should also be sent to me. The main telephone number for the Office of Appeals is **(202)273-3760**.

The appeal MAY NOT be filed by fax or email. The Office of Appeals will not process faxed or emailed appeals.

**Appeal Due Date:** The appeal is due on **May 14, 2026**. If the appeal is filed electronically, the transmission of the entire document through the Agency's website must be completed **no later than 11:59 p.m. Eastern Time** on the due date. If filing by mail or by delivery service an appeal will be found to be timely filed if it is postmarked or given to a delivery service no later than May 13, 2026**. If an appeal is postmarked or given to a delivery service on the due date, it will be rejected as untimely.** If hand delivered, an appeal must be received by the General Counsel in Washington D.C. by 5:00 p.m. Eastern Time on the appeal due date. If an appeal is not submitted in accordance with this paragraph, it will be rejected.

**Extension of Time to File Appeal:** The General Counsel may allow additional time to file the appeal if the Charging Party provides a good reason for doing so and the request for an extension of time is **received on or before May 14, 2026**. The request may be filed electronically through the ***E-File Documents*** link on our website www.nlrb.gov, by fax to (202)273-4283, by mail, or by delivery service. The General Counsel will not consider any request for an extension of time to file an appeal received after May 14, 2026**, even if it is postmarked or given to the delivery service before the due date.** Unless filed electronically, a copy of the extension of time should also be sent to me.

**Confidentiality:** We will not honor requests to limit our use of appeal statements or evidence. Upon a request under the Freedom of Information Act (FOIA) by a party during the processing of an appeal, the Agency's FOIA Branch discloses appeal statements, redacted for personal privacy, confidential source protection, or other applicable FOIA exemptions. In the event the appeal is sustained, any statement or material submitted may be introduced as evidence at a hearing before an administrative law judge. However, certain evidence produced at a hearing may be protected from public disclosure by demonstrated claims of confidentiality.

Very truly yours,

*/s/ Angie Cowan Hamada*

Angie Cowan Hamada
Regional Director

Enclosure

cc: Anneliese Wermuth, Vice Chair, Labor & Employment
Cozen O'Connor
123 North Wacker Drive
Suite 1800
Chicago, IL 60606-1770
awermuth@cozen.com

Jacob M. Rubinstein, Attorney
Cozen O'Connor
4875 Pearl E. Circle, Ste 101
Boulder, CO 80301-6104
jrubinstein@cozen.com

University of Chicago
5801 South Ellis Avenue
Chicago, IL 60637
*Via First-Class Mail*

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD

**APPEAL FORM**

To: General Counsel
Attn: Office of Appeals
National Labor Relations Board
1015 Half Street SE
Washington, DC 20570-0001

Date:

Please be advised that an appeal is hereby taken to the General Counsel of the National Labor Relations Board from the action of the Regional Director in refusing to issue a complaint on the charge in

Case Name(s).

Case No(s). *(If more than one case number, include all case numbers in which appeal is taken.)*

________________________________________

*(Signature)*

# E-FILING TO APPEALS

1. **Extension of Time**: This document is used when the Charging Party is asking for more time to e-file an Appeal.
   - If an Extension of Time is e-filed, and there are additional documents to be e-filed simultaneously with it, please e-file those documents under the selection **Correspondence**.
   - After an Extension of Time has already been e-filed, any **additional** materials to add to the Extension of Time should be e-filed under **Correspondence**.

2. **File an Appeal**: If the Charging Party does not agree with the Region's decision on the case, an Appeal can be e-filed.
   - Only **one** (**1**) **Appeal** can be e-filed to each determination in the Region's decision letter that is received.
   - After an Appeal has been e-filed, any **additional** materials to add to the Appeal should be e-filed under **Correspondence**.

3. **Notice of Appearance**: Either party can e-file a Notice of Appearance if there is a new counsel representing one side or a different counsel.
   - This document is only e-filed with the Office of Appeals after a decision has been made by the Region.
   - This document can be e-filed **before** an Appeal is e-filed.

4. **Correspondence**: Parties will **select** Correspondence when adding documents or supplementing the Appeal or Extension of Time.
   - Correspondence is used to e-file documents **after** an **Extension of Time, Appeal** or **Notice of Appearance** has been e-filed.

5. **Position Statement**: The Charging Party or Charged Party may e-file a Position Statement.
   - The Charging Party will e-file this document as a supplement of the Appeal.
   - The Charged Party will specifically file one to support the Region's decision.
   - This document should be e-filed **after** an **Extension of Time, Appeal** or **Notice of Appearance** has been e-filed.

6. **Withdrawal Request**: If the Charging Party decides to no longer pursue their appeal, he/she can e-file a Withdrawal Request to the Office of Appeals.
   - This document should be e-Filed **after** an **Extension of Time, Appeal** or **Notice of Appearance** has been e-filed.




7. The selections of **Evidence** or **Other** should no longer be used.

8. If you need to contact the Office of Appeals, please call **(202)273-3760**.

UNITED STATES GOVERNMENT
NATIONAL LABOR RELATIONS BOARD

REGION 13
Dirksen Federal Building
219 South Dearborn Street, Suite 808
Chicago, IL 60604-2027

Agency Website: www.nlrb.gov
Telephone: (312)353-7570
Fax: (312)886-1341

April 30, 2026

**(Via electronic mail unless otherwise indicated)**

Dipesh Singla
dipeshsingla668@gmail.com

Re: The University of Chicago
Case 13-CA-383755

Dear Dipesh Singla:

We have carefully investigated and considered your charge that The University of Chicago has violated the National Labor Relations Act.

**Decision to Dismiss:** You have alleged the Employer violated Section 8(a)(1) of the Act by engaging in surveillance or creating the impression that your union activities were under surveillance. In addition, you have alleged the Employer violated Section 8(a)(2) of the Act by providing unlawful assistance and support to a labor union. The evidence though fails to show that the Employer engaged in the above conduct. Finally, you allege that the Employer violated Section 8(a)(4) of the Act by disciplining or retaliating against you. However, the evidence is insufficient to show that you were subjected to any adverse employment action because you filed a prior charge or provided testimony in that case, or for any reason other than those advanced by the Employer.

**Charging Party's Right to Appeal:** The Charging Party may appeal my decision to the General Counsel of the National Labor Relations Board, through the Office of Appeals.

**Means of Filing: You must file your appeal electronically or provide a written statement explaining why electronic submission is not possible or feasible. Written instructions for the NLRB's E-Filing system and the Terms and Conditions of the NLRB's E-Filing policy are available at www.nlrb.gov. See User Guide. A video demonstration which provides step-by-step instructions and frequently asked questions are also available at www.nlrb.gov. If you require additional assistance with E-Filing, please contact e-Filing@nlrb.gov.**

You are encouraged to also submit a complete statement of the facts and reasons why you believe my decision was incorrect. If you cannot file electronically, please send the appeal and your written explanation of why you cannot file electronically to the **General Counsel** at the **National Labor Relations Board, Attn: Office of Appeals, 1015 Half Street SE, Washington, DC 20570-0001**. Unless filed electronically, a copy of the appeal should also be sent to me. The main telephone number for the Office of Appeals is **(202)273-3760**.

The appeal MAY NOT be filed by fax or email. The Office of Appeals will not process faxed or emailed appeals.

**Appeal Due Date:** The appeal is due on **May 14, 2026**. If the appeal is filed electronically, the transmission of the entire document through the Agency's website must be completed **no later than 11:59 p.m. Eastern Time** on the due date. If filing by mail or by delivery service an appeal will be found to be timely filed if it is postmarked or given to a delivery service no later than May 13, 2026**. If an appeal is postmarked or given to a delivery service on the due date, it will be rejected as untimely.** If hand delivered, an appeal must be received by the General Counsel in Washington D.C. by 5:00 p.m. Eastern Time on the appeal due date. If an appeal is not submitted in accordance with this paragraph, it will be rejected.

**Extension of Time to File Appeal:** The General Counsel may allow additional time to file the appeal if the Charging Party provides a good reason for doing so and the request for an extension of time is **received on or before May 14, 2026**. The request may be filed electronically through the ***E-File Documents*** link on our website www.nlrb.gov, by fax to (202)273-4283, by mail, or by delivery service. The General Counsel will not consider any request for an extension of time to file an appeal received after May 14, 2026**, even if it is postmarked or given to the delivery service before the due date.** Unless filed electronically, a copy of the extension of time should also be sent to me.

**Confidentiality:** We will not honor requests to limit our use of appeal statements or evidence. Upon a request under the Freedom of Information Act (FOIA) by a party during the processing of an appeal, the Agency's FOIA Branch discloses appeal statements, redacted for personal privacy, confidential source protection, or other applicable FOIA exemptions. In the event the appeal is sustained, any statement or material submitted may be introduced as evidence at a hearing before an administrative law judge. However, certain evidence produced at a hearing may be protected from public disclosure by demonstrated claims of confidentiality.

Very truly yours,

*/s/ Angie Cowan Hamada*

Angie Cowan Hamada
Regional Director

Enclosure

cc: The University of Chicago
5801 South Ellis Avenue
Chicago, IL 60637
*Via First-Class Mail*

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD

**APPEAL FORM**

To: General Counsel
Attn: Office of Appeals
National Labor Relations Board
1015 Half Street SE
Washington, DC 20570-0001

Date:

Please be advised that an appeal is hereby taken to the General Counsel of the National Labor Relations Board from the action of the Regional Director in refusing to issue a complaint on the charge in

Case Name(s).

Case No(s). *(If more than one case number, include all case numbers in which appeal is taken.)*

________________________________
*(Signature)*

# E-FILING TO APPEALS

1. **Extension of Time**: This document is used when the Charging Party is asking for more time to e-file an Appeal.
   - If an Extension of Time is e-filed, and there are additional documents to be e-filed simultaneously with it, please e-file those documents under the selection **Correspondence**.
   - After an Extension of Time has already been e-filed, any **additional** materials to add to the Extension of Time should be e-filed under **Correspondence**.

2. **File an Appeal**: If the Charging Party does not agree with the Region's decision on the case, an Appeal can be e-filed.
   - Only **one** (**1**) **Appeal** can be e-filed to each determination in the Region's decision letter that is received.
   - After an Appeal has been e-filed, any **additional** materials to add to the Appeal should be e-filed under **Correspondence**.

3. **Notice of Appearance**: Either party can e-file a Notice of Appearance if there is a new counsel representing one side or a different counsel.
   - This document is only e-filed with the Office of Appeals after a decision has been made by the Region.
   - This document can be e-filed **before** an Appeal is e-filed.

4. **Correspondence**: Parties will **select** Correspondence when adding documents or supplementing the Appeal or Extension of Time.
   - Correspondence is used to e-file documents **after** an **Extension of Time, Appeal** or **Notice of Appearance** has been e-filed.

5. **Position Statement**: The Charging Party or Charged Party may e-file a Position Statement.
   - The Charging Party will e-file this document as a supplement of the Appeal.
   - The Charged Party will specifically file one to support the Region's decision.
   - This document should be e-filed **after** an **Extension of Time, Appeal** or **Notice of Appearance** has been e-filed.

6. **Withdrawal Request**: If the Charging Party decides to no longer pursue their appeal, he/she can e-file a Withdrawal Request to the Office of Appeals.
   - This document should be e-Filed **after** an **Extension of Time, Appeal** or **Notice of Appearance** has been e-filed.




7. The selections of **Evidence** or **Other** should no longer be used.

8. If you need to contact the Office of Appeals, please call **(202)273-3760**.

UNITED STATES GOVERNMENT
NATIONAL LABOR RELATIONS BOARD

REGION 13
Dirksen Federal Building
219 South Dearborn Street, Suite 808
Chicago, IL 60604-2027

Agency Website: www.nlrb.gov
Telephone: (312)353-7570
Fax: (312)886-1341

April 30, 2026

Dipesh Singla
dipeshsingla668@gmail.com

Re: Teamsters Local 743(The University of Chicago)
Case 13-CB-376043

Dear Dipesh Singla:

We have carefully investigated and considered your charge that Teamsters Local 743 has violated the National Labor Relations Act.

**Decision to Dismiss:** You have alleged that Teamsters Local 743 (Union) violated Section 8(b)(1)(A) and 8(b)(2) of the Act by refusing to process your grievance, issuing you unlawful fines and internal charges, requiring you to pay union dues and fees unrelated to representational activities, and causing the Employer to discriminate against you. The evidence, however, is insufficient to prove that the events complained of in your charge occurred within six months before the filing and service of the instant charge. Thus, Section 10(b) of the Act bars further proceedings on your charge. Even assuming *arguendo* that the charge was not time-barred, the evidence is insufficient to show that the Union had an obligation to file a grievance on your behalf when you requested its assistance in March 2025. Furthermore, there is no evidence that the Union issued unlawful fines and or internal charges to you, required you to pay dues and fees that were not related to representational activities, or caused the Employer to discriminate against you.

**Charging Party's Right to Appeal:** The Charging Party may appeal my decision to the General Counsel of the National Labor Relations Board, through the Office of Appeals.

**Means of Filing: You must file your appeal electronically or provide a written statement explaining why electronic submission is not possible or feasible. Written instructions for the NLRB's E-Filing system and the Terms and Conditions of the NLRB's E-Filing policy are available at www.nlrb.gov. See User Guide. A video demonstration which provides step-by-step instructions and frequently asked questions are also available at www.nlrb.gov. If you require additional assistance with E-Filing, please contact e-Filing@nlrb.gov.**

You are encouraged to also submit a complete statement of the facts and reasons why you believe my decision was incorrect. If you cannot file electronically, please send the appeal and your written explanation of why you cannot file electronically to the **General Counsel** at the **National Labor Relations Board, Attn: Office of Appeals, 1015 Half Street SE, Washington, DC 20570-0001**. Unless filed electronically, a copy of the appeal should also be sent to me. The main telephone number for the Office of Appeals is **(202)273-3760**.

The appeal MAY NOT be filed by fax or email. The Office of Appeals will not process faxed or emailed appeals.

**Appeal Due Date:** The appeal is due on **May 14, 2026**. If the appeal is filed electronically, the transmission of the entire document through the Agency's website must be completed **no later than 11:59 p.m. Eastern Time** on the due date. If filing by mail or by delivery service an appeal will be found to be timely filed if it is postmarked or given to a delivery service no later than May 13, 2026**. If an appeal is postmarked or given to a delivery service on the due date, it will be rejected as untimely.** If hand delivered, an appeal must be received by the General Counsel in Washington D.C. by 5:00 p.m. Eastern Time on the appeal due date. If an appeal is not submitted in accordance with this paragraph, it will be rejected.

**Extension of Time to File Appeal:** The General Counsel may allow additional time to file the appeal if the Charging Party provides a good reason for doing so and the request for an extension of time is **received on or before May 14, 2026**. The request may be filed electronically through the ***E-File Documents*** link on our website www.nlrb.gov, by fax to (202)273-4283, by mail, or by delivery service. The General Counsel will not consider any request for an extension of time to file an appeal received after May 14, 2026**, even if it is postmarked or given to the delivery service before the due date.** Unless filed electronically, a copy of the extension of time should also be sent to me.

**Confidentiality:** We will not honor requests to limit our use of appeal statements or evidence. Upon a request under the Freedom of Information Act (FOIA) by a party during the processing of an appeal, the Agency's FOIA Branch discloses appeal statements, redacted for personal privacy, confidential source protection, or other applicable FOIA exemptions. In the event the appeal is sustained, any statement or material submitted may be introduced as evidence at a hearing before an administrative law judge. However, certain evidence produced at a hearing may be protected from public disclosure by demonstrated claims of confidentiality.

Very truly yours,

*/s/ Angie Cowan Hamada*

Angie Cowan Hamada
Regional Director

Enclosure

cc: Harold Johnson
Teamsters Local 743
4620 South Tripp Avenue
Chicago, IL 60632
hjohnson@teamsterslocal743.com

Katherine Baicker
The University of Chicago
5801 South Ellis Avenue
Chicago, IL 60637
provost@uchicago.edu

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD

**APPEAL FORM**

To: General Counsel
Attn: Office of Appeals
National Labor Relations Board
1015 Half Street SE
Washington, DC 20570-0001

Date:

Please be advised that an appeal is hereby taken to the General Counsel of the National Labor Relations Board from the action of the Regional Director in refusing to issue a complaint on the charge in

Case Name(s).

Case No(s). *(If more than one case number, include all case numbers in which appeal is taken.)*

______________________________
*(Signature)*

# E-FILING TO APPEALS

1. **Extension of Time**: This document is used when the Charging Party is asking for more time to e-file an Appeal.
    - If an Extension of Time is e-filed, and there are additional documents to be e-filed simultaneously with it, please e-file those documents under the selection **Correspondence**.
    - After an Extension of Time has already been e-filed, any **additional** materials to add to the Extension of Time should be e-filed under **Correspondence**.
2. **File an Appeal**: If the Charging Party does not agree with the Region's decision on the case, an Appeal can be e-filed.
    - Only **one** (**1**) **Appeal** can be e-filed to each determination in the Region's decision letter that is received.
    - After an Appeal has been e-filed, any **additional** materials to add to the Appeal should be e-filed under **Correspondence**.
3. **Notice of Appearance**: Either party can e-file a Notice of Appearance if there is a new counsel representing one side or a different counsel.
    - This document is only e-filed with the Office of Appeals after a decision has been made by the Region.
    - This document can be e-filed **before** an Appeal is e-filed.
4. **Correspondence**: Parties will **select** Correspondence when adding documents or supplementing the Appeal or Extension of Time.
    - Correspondence is used to e-file documents **after** an **Extension of Time, Appeal** or **Notice of Appearance** has been e-filed.
5. **Position Statement**: The Charging Party or Charged Party may e-file a Position Statement.
    - The Charging Party will e-file this document as a supplement of the Appeal.
    - The Charged Party will specifically file one to support the Region's decision.
    - This document should be e-filed **after** an **Extension of Time, Appeal** or **Notice of Appearance** has been e-filed.
6. **Withdrawal Request**: If the Charging Party decides to no longer pursue their appeal, he/she can e-file a Withdrawal Request to the Office of Appeals.
    - This document should be e-Filed **after** an **Extension of Time, Appeal** or **Notice of Appearance** has been e-filed.




7. The selections of **Evidence** or **Other** should no longer be used.
8. If you need to contact the Office of Appeals, please call **(202)273-3760**.

UNITED STATES GOVERNMENT
NATIONAL LABOR RELATIONS BOARD

REGION 13
Dirksen Federal Building
219 South Dearborn Street, Suite 808
Chicago, IL 60604-2027

Agency Website: www.nlrb.gov
Telephone: (312)353-7570
Fax: (312)886-1341

April 30, 2026

Dipesh Singla
dipeshsingla668@gmail.com

Re: Graduate Students United at the University of Chicago (University of Chicago)
Case 13-CB-376044

Dear Dipesh Singla:

We have carefully investigated and considered your charge that Graduate Students United at the University of Chicago has violated the National Labor Relations Act.

**Decision to Dismiss:** You have alleged that Graduate Students United (Union) violated Section 8(b)(1)(A) of the Act by refusing to process your grievances. You have further alleged the Union violated Section 8(b)(2) of the Act by causing the Employer to discriminate against you. The evidence, however, is insufficient to prove that the events complained of in your charge occurred within six months before the filing and service of the instant charge. Thus, Section 10(b) of the Act bars further proceedings on your charge. Even assuming *arguendo* that the charge was not time-barred, the evidence is insufficient to show that the Union's failure to process your grievances as far as you desire, or to achieve the results you desire, was for unfair, arbitrary or discriminatory reasons, rather than its judgment as to the merits of your grievances. In addition, there is no evidence the Union caused the Employer to discriminate or retaliate against you.

**Charging Party's Right to Appeal:** The Charging Party may appeal my decision to the General Counsel of the National Labor Relations Board, through the Office of Appeals.

**Means of Filing: You must file your appeal electronically or provide a written statement explaining why electronic submission is not possible or feasible. Written instructions for the NLRB's E-Filing system and the Terms and Conditions of the NLRB's E-Filing policy are available at www.nlrb.gov. See User Guide. A video demonstration which provides step-by-step instructions and frequently asked questions are also available at www.nlrb.gov. If you require additional assistance with E-Filing, please contact e-Filing@nlrb.gov.**

You are encouraged to also submit a complete statement of the facts and reasons why you believe my decision was incorrect. If you cannot file electronically, please send the appeal and your written explanation of why you cannot file electronically to the **General Counsel** at the **National Labor Relations Board, Attn: Office of Appeals, 1015 Half Street SE, Washington, DC 20570-0001**. Unless filed electronically, a copy of the appeal should also be sent to me. The main telephone number for the Office of Appeals is **(202)273-3760**.

The appeal MAY NOT be filed by fax or email. The Office of Appeals will not process faxed or emailed appeals.

**Appeal Due Date:** The appeal is due on **May 14, 2026**. If the appeal is filed electronically, the transmission of the entire document through the Agency's website must be completed **no later than 11:59 p.m. Eastern Time** on the due date. If filing by mail or by delivery service an appeal will be found to be timely filed if it is postmarked or given to a delivery service no later than May 13, 2026**. If an appeal is postmarked or given to a delivery service on the due date, it will be rejected as untimely.** If hand delivered, an appeal must be received by the General Counsel in Washington D.C. by 5:00 p.m. Eastern Time on the appeal due date. If an appeal is not submitted in accordance with this paragraph, it will be rejected.

**Extension of Time to File Appeal:** The General Counsel may allow additional time to file the appeal if the Charging Party provides a good reason for doing so and the request for an extension of time is **received on or before May 14, 2026**. The request may be filed electronically through the ***E-File Documents*** link on our website www.nlrb.gov, by fax to (202)273-4283, by mail, or by delivery service. The General Counsel will not consider any request for an extension of time to file an appeal received after May 14, 2026**, even if it is postmarked or given to the delivery service before the due date.** Unless filed electronically, a copy of the extension of time should also be sent to me.

**Confidentiality:** We will not honor requests to limit our use of appeal statements or evidence. Upon a request under the Freedom of Information Act (FOIA) by a party during the processing of an appeal, the Agency's FOIA Branch discloses appeal statements, redacted for personal privacy, confidential source protection, or other applicable FOIA exemptions. In the event the appeal is sustained, any statement or material submitted may be introduced as evidence at a hearing before an administrative law judge. However, certain evidence produced at a hearing may be protected from public disclosure by demonstrated claims of confidentiality.

Very truly yours,

*/s/ Angie Cowan Hamada*

Angie Cowan Hamada
Regional Director

Enclosure

cc: Joseph Rathke
Graduate Students United at the University of Chicago
5600 South Woodlawn Avenue
4th Floor
Chicago, IL 60637
campus.chief.steward@uchicagogsu.org

Katherine Baicker
The University of Chicago
5801 South Ellis Avenue
Chicago, IL 60637
provost@uchicago.edu

Margot Nikitas, General Counsel
United Electrical Radio and Machine Workers of America, Local 506
4 Smithfield Street, 9th Floor
Pittsburgh, PA 15222
margot.nikitas@ueunion.org

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD

**APPEAL FORM**

To: General Counsel
Attn: Office of Appeals
National Labor Relations Board
1015 Half Street SE
Washington, DC 20570-0001

Date:

Please be advised that an appeal is hereby taken to the General Counsel of the National Labor Relations Board from the action of the Regional Director in refusing to issue a complaint on the charge in

Case Name(s).

Case No(s). *(If more than one case number, include all case numbers in which appeal is taken.)*

________________________________
*(Signature)*

# E-FILING TO APPEALS

1. **Extension of Time**: This document is used when the Charging Party is asking for more time to e-file an Appeal.
   - If an Extension of Time is e-filed, and there are additional documents to be e-filed simultaneously with it, please e-file those documents under the selection **Correspondence**.
   - After an Extension of Time has already been e-filed, any **additional** materials to add to the Extension of Time should be e-filed under **Correspondence**.

2. **File an Appeal**: If the Charging Party does not agree with the Region's decision on the case, an Appeal can be e-filed.
   - Only **one** (**1**) **Appeal** can be e-filed to each determination in the Region's decision letter that is received.
   - After an Appeal has been e-filed, any **additional** materials to add to the Appeal should be e-filed under **Correspondence**.

3. **Notice of Appearance**: Either party can e-file a Notice of Appearance if there is a new counsel representing one side or a different counsel.
   - This document is only e-filed with the Office of Appeals after a decision has been made by the Region.
   - This document can be e-filed **before** an Appeal is e-filed.

4. **Correspondence**: Parties will **select** Correspondence when adding documents or supplementing the Appeal or Extension of Time.
   - Correspondence is used to e-file documents **after** an **Extension of Time, Appeal** or **Notice of Appearance** has been e-filed.

5. **Position Statement**: The Charging Party or Charged Party may e-file a Position Statement.
   - The Charging Party will e-file this document as a supplement of the Appeal.
   - The Charged Party will specifically file one to support the Region's decision.
   - This document should be e-filed **after** an **Extension of Time, Appeal** or **Notice of Appearance** has been e-filed.

6. **Withdrawal Request**: If the Charging Party decides to no longer pursue their appeal, he/she can e-file a Withdrawal Request to the Office of Appeals.
   - This document should be e-Filed **after** an **Extension of Time, Appeal** or **Notice of Appearance** has been e-filed.




7. The selections of **Evidence** or **Other** should no longer be used.

8. If you need to contact the Office of Appeals, please call **(202)273-3760**.

Gmail **Dipesh Singla <dipeshsingla668@gmail.com>**

---

## Urgent: Query to NLRB | 4 Cases dismissals

7 messages

---

**Dipesh Singla** <dipeshsingla668@gmail.com> 28 August 2026 at 02:48
To: Dipesh Singla <dipeshsingla668@gmail.com>, "Manor, Zachary G." <Zachary.Manor@nlrb.gov>, "NLRB@public.govdelivery.com" <NLRB@public.govdelivery.com>, Servicedesk@nlrb.gov, "Hotline, OIG" <OIG.Hotline@nlrb.gov>, "From: Webteam" <WebTeam@nlrb.gov>, SM-Publicinfo <publicinfo@nlrb.gov>, SM-Emergency Contact <emergency@nlrb.gov>, NLRBRegion13@nlrb.gov, DG-EFileChgPet-CHI13 <dgecpC13@nlrb.gov>, SM-E-Filing <e-filing@nlrb.gov>, "Castillo, J. Edward" <Edward.Castillo@nlrb.gov>, oighotline@nlrb.gov

NLRB team,
I wanted to respectfully ask if the denial decisions/orders on these 4 cases are final orders of the Board or if they are still appealable internally pursuant to NLRB/NRLA rules/law.
I respectfully request you to respond promptly to this query.

13-CA-366016

13-CB-376043

13-CB-376044

13-CA-383755

-

---

**Dipesh Singla** <dipeshsingla668@gmail.com> 28 August 2026 at 03:06
To: SM-R13-Investigation <R13-Investigation@nlrb.gov>, NLRBRegion13@nlrb.gov

Team,
Kindly respond to this query.
[Quoted text hidden]

---

**SM-R13-Investigation** <R13-Investigation@nlrb.gov> 29 August 2026 at 01:59
To: Dipesh Singla <dipeshsingla668@gmail.com>
Cc: "Manor, Zachary G." <Zachary.Manor@nlrb.gov>, "Castillo, J. Edward" <Edward.Castillo@nlrb.gov>

**CAUTION:** This email and any attachments may contain Controlled Unclassified Information (CUI). National Archives and Records Administration (NARA) regulations at 32 CFR Part 2002 apply to all executive branch agencies that designate or handle information that meets the standards for CUI.

Hi Dipesh,

It looks like the appeals that you filed in all of these cases were just denied yesterday. You should have received a letter to that effect. Since the appeal process has been exhausted in these cases, the cases will be closed. Please let us know if you have any other questions. Thank you.

Sincerely,

Region 13

**From:** Dipesh Singla <dipeshsingla668@gmail.com>
**Sent:** Thursday, August 27, 2026 4:37 PM
**To:** SM-R13-Investigation <R13-Investigation@nlrb.gov>; SM-Region 13, Chicago <Chicago.Region13@nlrb.gov>
**Subject:** [EXTERNAL] Fwd: Urgent: Query to NLRB | 4 Cases dismissals

You don't often get email from dipeshsingla668@gmail.com. Learn why this is important

**CAUTION:** The sender of this message is external to the NLRB network. Please use care when clicking on links and responding with sensitive information. Forward suspicious emails to nlrbirc@nlrb.gov.

[Quoted text hidden]

---

**Dipesh Singla** <dipeshsingla668@gmail.com> 29 August 2026 at 08:32
To: SM-R13-Investigation <R13-Investigation@nlrb.gov>, Dipesh Singla <dipeshsingla668@gmail.com>, "Hotline, OIG" <OIG.Hotline@nlrb.gov>, SM-Emergency Contact <emergency@nlrb.gov>
Cc: "Manor, Zachary G." <Zachary.Manor@nlrb.gov>, "Castillo, J. Edward" <Edward.Castillo@nlrb.gov>

Thank you for the clarification. I intend to seek review in the Honorable Court of Appeals, as these matters now constitute final orders, and I have exhausted all available internal administrative remedies. Thanks for confirming.

-
[Quoted text hidden]

---

**Watts, Elicia** <Elicia.Watts@nlrb.gov> 1 September 2026 at 00:44
To: "dipeshsingla668@gmail.com" <dipeshsingla668@gmail.com>

**CAUTION:** This email and any attachments may contain Controlled Unclassified Information (CUI). National Archives and Records Administration (NARA) regulations at 32 CFR Part 2002 apply to all executive branch agencies that designate or handle information that meets the standards for CUI.

Good afternoon Dipesh Singla,

I have tried to reach you on the phone number we have in our records for you - (773) 457-1046. But it says the mailbox has not been set up. You may call me on my direct line at your convenience, (202) 273-4203.

For these matters in which the appeal has been denied, you are able to file a motion for reconsideration. Someone from the Office of Appeals will be in contact soon. Or again, you may reach me on my number. Thank you.

**ELICIA L. WATTS**

**Director**

***Office of Appeals***

***NLRB***

1015 Half Street, SE

Washington D.C.
20570
202-273-4203

Elicia.Watts@NLRB.gov

---

**From:** Dipesh Singla <dipeshsingla668@gmail.com>
**Sent:** Thursday, August 27, 2026 5:19 PM
**To:** Dipesh Singla <dipeshsingla668@gmail.com>; Manor, Zachary G. <Zachary.Manor@nlrb.gov>; NLRB@public.govdelivery.com; Service Desk <nlrb@servicenowservices.com>; Hotline, OIG <OIG.Hotline@nlrb.gov>; Webteam <WebTeam@nlrb.gov>; SM-Publicinfo <Publicinfo@nlrb.gov>; SM-Emergency Contact <emergency@nlrb.gov>; SM-Region 13, Chicago <Chicago.Region13@nlrb.gov>; DG-EFileChgPet-CHI13 <dgecpc13@nlrb.gov>; SM-E-Filing <e-filing@nlrb.gov>; Castillo, J. Edward <Edward.Castillo@nlrb.gov>; Hotline, OIG <OIG.Hotline@nlrb.gov>
**Subject:** [EXTERNAL] Urgent: Query to NLRB | 4 Cases dismissals

**CAUTION:** The sender of this message is external to the NLRB network. Please use care when clicking on links and responding with sensitive information. Forward suspicious emails to nlrbirc@nlrb.gov.

NLRB team,

[Quoted text hidden]

---

**Dipesh Singla** <dipeshsingla668@gmail.com> 1 September 2026 at 03:12
To: "Watts, Elicia" <Elicia.Watts@nlrb.gov>

The number went to voicemail.

On Tue, Sep 1, 2026, 12:44 AM Watts, Elicia <Elicia.Watts@nlrb.gov> wrote:

> **CAUTION:** This email and any attachments may contain Controlled Unclassified Information (CUI). National Archives and Records Administration (NARA) regulations at 32 CFR Part 2002 apply to all executive branch agencies that designate or handle information that meets the standards for CUI.

Good afternoon Dipesh Singla,

I have tried to reach you on the phone number we have in our records for you - (773) 457-1046. But it says the mailbox has not been set up. You may call me on my direct line at your convenience, (202) 273-4203.

For these matters in which the appeal has been denied, you are able to file a motion for reconsideration. Someone from the Office of Appeals will be in contact soon. Or again, you may reach me on my number. Thank you.

**ELICIA L. WATTS**

**Director**

***Office of Appeals***

***NLRB***

1015 Half Street, SE

Washington D.C.
20570
202-273-4203

Elicia.Watts@NLRB.gov

---

**From:** Dipesh Singla <dipeshsingla668@gmail.com>
**Sent:** Thursday, August 27, 2026 5:19 PM
**To:** Dipesh Singla <dipeshsingla668@gmail.com>; Manor, Zachary G. <Zachary.Manor@nlrb.gov>; NLRB@public.govdelivery.com; Service Desk <nlrb@servicenowservices.com>; Hotline, OIG <OIG.Hotline@nlrb.gov>; Webteam <WebTeam@nlrb.gov>; SM-Publicinfo <Publicinfo@nlrb.gov>; SM-Emergency Contact <emergency@nlrb.gov>; SM-Region 13, Chicago <Chicago.Region13@nlrb.gov>; DG-EFileChgPet-CHI13 <dgecpc13@nlrb.gov>; SM-E-Filing <e-filing@nlrb.gov>; Castillo, J. Edward <Edward.Castillo@nlrb.gov>; Hotline, OIG <OIG.Hotline@nlrb.gov>
**Subject:** [EXTERNAL] Urgent: Query to NLRB | 4 Cases dismissals

**CAUTION:** The sender of this message is external to the NLRB network. Please use care when clicking on links and responding with sensitive information. Forward suspicious emails to nlrbirc@nlrb.gov.

NLRB team,

I wanted to respectfully ask if the denial decisions/orders on these 4 cases are final orders of the Board or if they are still appealable internally pursuant to NLRB/NRLA rules/law.

> I respectfully request you to respond promptly to this query.
>
> 13-CA-366016
> 13-CB-376043
> 13-CB-376044
>
> 13-CA-383755
>
> -

---

**2 attachments**

**image001.png**
1K

**image002.png**
1K

---

**Dipesh Singla** <dipeshsingla668@gmail.com>
To: "Watts, Elicia" <Elicia.Watts@nlrb.gov>

1 September 2026 at 05:42

Hi Dipesh,

It looks like the appeals that you filed in all of these cases were just denied yesterday. You should have received a letter to that effect. Since the appeal process has been exhausted in these cases, the cases will be closed. Please let us know if you have any other questions. Thank you.

Sincerely,

Region 13




[Quoted text hidden]

---

**4 attachments**

**image002.png**
1K

**image001.png**
1K

**image002.png**
1K

**image001.png**
1K