Attorneys for Defendant National Labor Relations Board:
DALFORD DEAN OWENS
*Assistant General Counsel*
AARON SAMSEL
*Supervisory Attorney*
KWAME SAMUDA
*Senior Trial Attorney*

National Labor Relations Board
Office of the General Counsel
Contempt, Compliance, and Special
Litigation Branch
1015 Half Street, S.E.
Washington, DC 20003
Email: Kwame.Samuda@nlrb.gov
Tel: (202) 273-2872
Fax: (202) 273-4244

UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| DIPESH SINGLA,<br><br>Petitioner,<br><br>v.<br><br>NATIONAL LABOR RELATIONS BOARD<br><br>Respondent. | Case No. 26-2788 |

# THE NATIONAL LABOR RELATIONS BOARD'S BRIEF IN RESPONSE TO PETITIONER'S JURISDICTIONAL MEMORANDUM

Respondent, the National Labor Relations Board ("Board" or "NLRB"), respectfully submits this Brief in Response to Petitioner's Jurisdictional Memorandum [ECF No. 9], pursuant to the Court's September 2, 2026 Order directing the NLRB to respond to Petitioner Dipesh Singla's jurisdictional arguments. [ECF No. 11]. In this matter, Singla asks this Court to review the decisions of the NLRB's General Counsel ("General Counsel") not to issue unfair labor practice complaints for alleged violations of the National Labor Relations Act ("Act"). 29 U.S.C. §§ 151-169. However, Singla's jurisdictional memorandum fails to establish this Court's jurisdiction because Section 10(f) of the Act, 29 U.S.C. § 160(f), only permits review of final Board Orders, not prosecutorial decisions of the NLRB's General Counsel. Additionally, the Supreme Court's decision in *Leedom v. Kyne,* 358 U.S. 184 (1958), does not grant original jurisdiction to courts of appeals. Therefore, as explained below, this Court lacks subject-matter jurisdiction to review the General Counsel's dismissals of Singla's charges.

# BACKGROUND

**Structure of the NLRB**

The Act establishes a set of substantive rights and a comprehensive procedural framework for enforcing them. Specifically, Section 7 of the Act protects the rights of most private-sector employees to engage in "self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection." 29 U.S.C. § 157. Section 7 equally protects the right of those employees "to refrain from any or all such activities." *Id.* Section 8, in turn, proscribes certain conduct of employers and unions that interferes with the rights established in Section 7. *Id* at § 158.

The Act also designates officials responsible for prosecuting and adjudicating claims of unfair labor practices. Specifically, Section 3(d) establishes the office of the General Counsel and imbues that individual with "final authority, on behalf of the Board, in respect of the investigation of charges and issuance of complaints . . . , and in respect of the prosecution of such complaints before the Board." *Id.* at § 153(d).

That same section also directs the General Counsel to "exercise general supervision over [almost] all attorneys employed by the Board . . . and over the officers and employees in the regional offices." *Id.* Section 3(a), in turn, establishes the five-seat Board, which issues decisions and final orders adjudicating the merits of the General Counsel's complaints, typically on review of an administrative law judge's recommended disposition. *Id.* at § 153(a). Section 10, meanwhile, provides the procedures utilized in unfair-labor-practice proceedings, including avenues for review and enforcement of final Board orders in the courts of appeals. *Id.* at § 160.

The NLRB does not initiate unfair-labor-practice proceedings on its own accord, but acts only when a person files a charge alleging a violation of the Act. *See* 29 U.S.C. § 160(b) (requiring a charge as a predicate to an unfair-labor-practice complaint). The charge "must be filed with the Regional Director for the Region in which the alleged unfair labor practice has occurred or is occurring." 29 C.F.R. § 102.10 (2020). Upon the filing of a charge, the Regional Director and field staff, under the General Counsel's "general supervision," 29 U.S.C. § 153(d), investigate the charge to determine whether it has merit and whether

to issue a complaint. 29 C.F.R. §§ 101.4, 101.8.

If a charge has merit and the Regional Director decides to issue a complaint, the complaint "may be disposed of by withdrawal before hearing, settlement, or formal adjudication." *United Food & Com. Workers Union, Loc. 23*, 484 U.S. 112 at 119 (1987) [hereinafter *UFCW*]. In the case of formal adjudication, field staff prosecute the case on behalf of the General Counsel before an administrative law judge, who issues a decision at the conclusion of the hearing. 29 U.S.C. § 160(c); *see also* 29 C.F.R. § 101.10(a) ("A duly designated administrative law judge presides over the hearing."); *id.* § 101.11(a) ("At the conclusion of the hearing the administrative law judge prepares a decision…"). That decision is filed with the Board, and the parties then have an opportunity to file exceptions. 29 C.F.R. § 101.11(b) ("The administrative law judge's decision is filed with the Board in Washington, DC…"); *id.* § 101.12(a) (recognizing parties' right to file exceptions). Ultimately, the Board issues its own decision and order, which constitutes the final agency determination concerning the case. 29 C.F.R. § 101.12 (setting forth the decisional process in cases with and without exceptions). Section 10(f) of the Act provides that an

aggrieved person may petition an appropriate federal court of appeals to review the "final order of the Board." 29 U.S.C. § 160(f); *see also id.* § 160(e) (empowering the Board to apply for enforcement of its final orders).

If, instead, the Regional Director decides that there are insufficient grounds to warrant issuance of a complaint, the Regional Director "may, in his discretion, dismiss [the charge]." *UFCW*, 484 U.S. at 118. A charging party may then appeal this decision to the General Counsel, pursuant to the Board's Rules and Regulations. 29 C.F.R. § 102.19. If the General Counsel sustains the Regional Director's decision, that is the end of the matter.

## Procedural History

### ***A. Singla's Charges Processed by the NLRB***

This case arises from four separate charges filed by Singla against his Employer, the University of Chicago ("Employer" or "University of Chicago"); and two separate unions, Teamsters Local 743 ("Teamsters") and Graduate Students United at the University of Chicago ("Graduate Students United").

On May 20, 2025, Singla filed an unfair-labor-practice charge

against his Employer in NLRB Case No. 13-CA-366016, which was amended on December 2, 2025. [Exhibit A]. Singla alleged that the University of Chicago unlawfully disciplined, discharged, and/or refused to hire him in violation of the Act because he: (1) joined or supported a labor organization; (2) discussed wages or other terms and conditions of employment; and (3) protested terms and conditions of employment. Singla further alleged that union representation was denied during a disciplinary investigation.

The staff of Region 13, acting on behalf of the General Counsel, conducted an investigation of Singla's allegations. On April 30, 2026, the Regional Director of Region 13 issued a letter dismissing it. [ECF No. 1, at 11]. The Regional Director concluded there was insufficient evidence to establish that the Employer took adverse action against Singla in response to his union-related activities or any other protected conduct. Additionally, the evidence established that a union steward participated in Singla's disciplinary hearing.

On May 1, 2026, Singla appealed the dismissal to the General Counsel via the NLRB's Office of Appeals. *See* 29 C.F.R. § 102.19(a) (after the Regional Director declines to issue a complaint on a charge,

“[t]he Charging Party may obtain review of that decision” by filing an appeal with the General Counsel). Singla argued that the Regional Director’s dismissal was erroneous, arbitrary, and contrary to the evidence, controlling Board precedent, and principles of administrative law.

On August 27, 2026, the General Counsel denied Singla’s appeal. [ECF No. 1, at 3]. *See* 29 C.F.R. § 102.19(c) (“The General Counsel may sustain the Regional Director's refusal to issue or reissue a complaint, stating the grounds of the affirmance, or may direct the Regional Director to take further action”). The Office of Appeals concluded that the Region’s dismissal of the charge was warranted because the evidence failed to establish that the Employer took adverse action against Singla because of any protected activity. The Office of Appeals also determined that the Employer had a legitimate nondiscriminatory reason for its employment action which, under the Board’s decision in *Wright Line,* established that it would have taken the same action in absence of any protected concerted activities. *See Wright Line,* 251 NLRB 1083 (1980), enfd. 662 F.2d 899 (1st Cir. 1981), cert. denied 455 U.S. 989 (1982).

Singla filed a related unfair-labor-practice charge in NLRB Case No. 13-CB-376043 against the Teamsters on December 2, 2025, which he amended on March 18, 2026. [Exhibit B]. The charge alleged that the Teamsters: (1) refused to process Singla's grievance for arbitrary or discriminatory reasons or in bad faith; (2) issued Singla unlawful fines and/or internal charges; (3) required Singla to pay dues and fees unrelated to representational activities; and (4) caused the Employer to discriminate against him for failing to pay union dues.

The staff of Region 13, acting on behalf of the General Counsel, investigated the charge and, on April 30, 2026, the Regional Director issued a letter dismissing it. [ECF No. 1, at 21]. The Regional Director found that any complaint would be time-barred by Section 10(b) of the Act, 29 U.S.C. § 160(b).[1] The Region further concluded that even if the charge had been timely filed, there was insufficient evidence to support any of the allegations in the charge.

On May 1, 2026, Singla appealed to the General Counsel via the

---

[1] Section 10(b) of the Act creates a statute of limitations for the issuance of unfair-labor-practice complaints, providing that, "no complaint shall issue based upon any unfair labor practice occurring more than six months prior to the filing of the charge with the Board."

NLRB's Office of Appeals. Singla argued, in part, that his charge was timely filed. The Office of Appeals denied the appeal on August 27, 2026, substantially for the same reasons provided by the Regional Director in her dismissal letter. [ECF No. 1, at 7].

On December 2, 2025, Singla filed another unfair-labor-practice charge in NLRB Case No. 13-CB-376044 against Graduate Students United on December 2, 2025, which he amended on March 18, 2026. [Exhibit C]. Singla alleged that Graduate Students United (1) refused to process his grievance for arbitrary or discriminatory reasons or in bad faith; and (2) caused the Employer to discriminate him in retaliation for failing to pay union dues.

The staff of Region 13, acting on behalf of the General Counsel, investigated the charge and, on April 30, 2026, the Regional Director issued a letter dismissing it. [ECF No. 1, at 26]. The Regional Director found that any complaint would be time-barred by Section 10(b) of the Act, 29 U.S.C. § 160(b). The Region further concluded that even if the charge had been timely filed, there was insufficient evidence to support any of the allegations in the charge. On May 1, 2026, Singla appealed to the General Counsel via the NLRB's Office of Appeals. The Office of

Appeals denied the appeal on August 27, 2026, substantially for the same reasons provided by the Regional Director in her dismissal letter. [ECF No. 1, at 9].

Singla filed a final unfair-labor-practice charge in NLRB Case No. 13-CA-383755 against the University of Chicago on March 30, 2026. [Exhibit D]. Singla alleged that the Employer: (1) disciplined or retaliated against him because he filed charges or cooperated with the NLRB; (2) unlawfully surveilled employees' union activities; and (3) provided unlawful assistance and support to a labor organization.

The staff of Region 13, acting on behalf of the General Counsel, investigated the charge and, on April 30, 2026, the Regional Director issued a letter dismissing the charge. [ECF No. 1, at 16]. The Regional Director found insufficient evidence to substantiate Singla's allegations. On May 1, 2026, Singla appealed to the General Counsel via the NLRB's Office of Appeals. Singla argued, in part, that the Regional Director improperly dismissed the charge by failing to impartially evaluate the evidence.

The Office of Appeals reviewed the Region's dismissal and denied Singla's appeal on August 27, 2026. [ECF No. 1, at 5]. The Office of

Appeals found that dismissal was warranted substantially for the same reasons provided by the Regional Director in her dismissal letter. The Office of Appeals further explained that the Region's investigation was conducted in accordance with the Board's established procedures.

*B. Singla Petitions for Review of Dismissals*

On August 31, 2026, Singla petitioned this Court for review of the General Counsel's decision to dismiss his unfair-labor-practice charges. [ECF No. 1-1]. The next day, on September 1, 2026, the Court issued an Order in which it properly noted that, "[a] preliminary examination of the petition for review suggests that this court may not have jurisdiction over the petition." [ECF No. 8]. The Court ordered Singla to file a brief, by September 15, 2026, explaining why his petition should not be dismissed for lack of jurisdiction.

On September 1, 2026, Singla filed his brief [ECF No. 9] arguing that subject matter jurisdiction exists for two reasons. First, Singla argues that the Office of Appeals' decisions to uphold the Region's dismissals of Singla's charges are "final orders" of the Board, and that as such they may be reviewed by this Court under 29 U.S.C. § 160(f). [ECF No. 9, at 1-2]. Alternatively, Singla argues that the Supreme

Court's decision in *Leedom v. Kyne* provides this Court jurisdiction because the Board has acted "in excess of its delegated powers and contrary to a specific prohibition in the Act". [ECF No. 9, at 2].

On September 2, 2026, this Court issued an Order requiring the NLRB to file a response to the jurisdictional arguments presented in Singla's Memorandum on or before September 15, 2026.

## LEGAL ANALYSIS

### I. This Court lacks subject-matter jurisdiction to review the General Counsel's decision refusing to issue an unfair labor practice complaint.

A party seeking relief from a federal court must establish that the case or controversy fits within the court's "limited jurisdiction." *United States v. Alkaramla*, 872 F.3d 532, 534 (7th Cir. 2017) (quoting *Kokkonen v. Guardian Co. of Am.*, 511 U.S. 375, 377 (1994)). This Court, like others in the federal system, "possess[es] only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Alkaramla*, 872 F.3d at 534 (quoting *Kokkonen*, 511 U.S. at 377). When a federal court's jurisdiction is in question, "[t]he burden of persuasion rests with the party asserting federal jurisdiction." *In re Safeco Ins. Co.*, 585 F.3d 326, 329, 330 (7th Cir.

2009). Here, Singla cannot satisfy that burden.

Singla's claims arise solely from the refusals of the General Counsel and her staff to issue administrative complaints based on his unfair labor practice charges. Singla argues that Section 10(f) of the Act, 29 U.S.C. § 160(f), establishes jurisdiction for this Court to review the General Counsel's dismissal of his charges. [ECF No. 9, at 1]. It does not. That provision of the Act grants circuit courts of appeal jurisdiction to review *only* "final order[s] of the Board." 29 U.S.C. § 160(f). The dismissal of charges by the General Counsel does not constitute a reviewable "final order of the Board" under the Act. *UFCW*, 484 U.S. at 128 (noting that "[t]he structure of the Act . . . leads inescapably to the conclusion that Congress distinguished orders of the General Counsel from Board orders," and concluding that an act of the General Counsel, even when undertaken "'on behalf of' the Board," is not the same as an act "'of the Board' itself"). As outlined above, the statutory scheme provides for judicial review *only* of final orders issued by the five-seat Board, issued pursuant to adjudication of a complaint or through notice and comment rulemaking under the Administrative Procedure Act.[2]

---

[2] Nor does the Administrative Procedure Act provide an avenue for

There is no provision in the Act or any other statute providing for review, by either the Board or the courts, of a decision by the General Counsel to dismiss a charge. *UFCW*, 484 U.S. at 128-29, 131-32. The Supreme Court has repeatedly acknowledged the General Counsel's exclusive authority to decide whether an unfair labor practice complaint shall issue.[3] So, too, have the courts of appeals, including this Court.[4]

---

review of a decision declining to issue an unfair-labor-practice complaint. *UFCW*, 484 at 130-33.

[3] *See, e.g., United Food & Commercial Workers Union, Local 23,* 484 U.S. at 122-23; *Detroit Edison Co. v. NLRB*, 440 U.S. 301, 316 (1979) (describing the General Counsel's "unreviewable discretion" to refuse to issue a complaint); *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 139 (1975) ("The practical effect of this administrative scheme is that a party believing himself the victim of an unfair labor practice can obtain neither adjudication nor remedy under the labor statute without first persuading the Office of General Counsel that his claim is sufficiently meritorious to warrant Board consideration."); *Vaca v. Sipes*, 386 U.S. 171, 182 (1967) ("[T]he Board's General Counsel has unreviewable discretion to refuse to institute an unfair labor practice complaint.").

[4] *See, e.g., Sparks v. NLRB*, 835 F.2d 705, 707 (7th Cir. 1987) ("[T]he principle that the decision by the General Counsel of the Labor Board not to file an unfair labor practices complaint is not judicially reviewable is a bedrock principle of labor law."); *see also Saez v. Goslee*, 463 F.2d 214, 214-15 (1st Cir. 1972); *Williams v. NLRB*, 105 F.3d 787, 791 n.3 (2d Cir. 1996); *Terminal Freight Co-op Ass'n v. NLRB*, 447 F.2d 1099, 1101-02 (3d Cir. 1971); *Wellington Mill Div., W. Point Mfg. v. NLRB*, 330 F.2d 579, 590-91 (4th Cir. 1964); *Smith v. Local No. 25, Sheet Metal Workers Int'l Ass'n*, 500 F.2d 741, 747 (5th Cir. 1974); *Jackman v. NLRB*, 784 F.2d 759, 764 (6th Cir. 1986); *Royal Typewriter Co. v. NLRB*, 533 F.2d 1030, 1040 (8th Cir. 1976); *Baker*, 691 F.2d at 1293-95; *Gen. Drivers, Chauffeurs, & Helpers, Local 886 v. NLRB*, 179

These decisions are so numerous and consistent that an attorney who files a petition for review seeking review of a charge dismissal is subject to sanctions. *Sparks*, 835 F.2d at 707.[5]

The dismissal of Singla's charges, and denial of his appeals, are actions that fall plainly within the scope of the General Counsel's prosecutorial discretion. Therefore, none of these actions constitute a "final order of the Board" that would establish a basis for this Court's jurisdiction under Section 10(f) of the Act. 29 U.S.C. § 160(f). Nothing in the Act or elsewhere permits any sort of judicial review to occur on this set of facts. In short, the General Counsel's "final authority" to investigate and dispose of unfair labor practice charges is precisely that: final. *Id.* at § 153(d). The conduct challenged by Singla in this case falls squarely within the zone of unreviewable prosecutorial discretion carved out by the Act.

---

F.2d 492, 494 (10th Cir. 1950); *Amerijet Int'l, Inc. v. NLRB*, 520 F. App'x 795, 797 (11th Cir. 2013); *Patent Office Prof'l Ass'n v. FLRA*, 128 F.3d 751, 753 (D.C. Cir. 1997).

[5] To be clear, the NLRB does not seek an award of sanctions in this case since Singla appears pro se.

## II. *Leedom v. Kyne* does not provide a jurisdictional exception for review.

Singla's alternate jursidictional theory – that *Leedom v. Kyne* provides an exception to the jursidictional bar – also fails. The Supreme Court's decision in *Leedom v. Kyne*, 358 U.S. 184, created a narrow exception for *district courts* to exercise jurisdiction to review the General Counsel's prosecutorial decisions. 358 U.S. at 189. Under *Kyne*, district courts have limited jurisdiction to strike down agency action: (1) in cases in which the agency has exceeded a plain and unambiguous statutory command or prohibition, and (2) in circumstances where no adequate alternative judicial remedy exists. *Zipp v. Geske & Sons, Inc.*, 103 F.3d 1379 (7th Cir. 1997) (quotation marks omitted); *Abercrombie v. Off. of Comptroller of Currency*, 833 F.2d 672, 675 (7th Cir. 1987).

Here, *Kyne's* narrow exception to a jurisdictional bar does not allow this Court to review the General Counsel's dismissals of Singla's charges. As an initial matter, *Kyne* creates original jurisdiction only in distict courts. *Nuclear Regul. Comm'n v. Texas*, 605 U.S. 665, 667 (2025) ("no precedent supports bringing an ultra vires claim in a court of appeals rather than first in a district court."); *U.S. Dep't of Treasury, U.S. Customs Serv. v. Fed. Lab. Rels. Auth.*, 43 F.3d 682 (D.C. Cir.

1994) (the *Kyne* exception "is premised on the original federal subject matter jurisdiction of the district courts."). And, because this Court is one of appellate jurisdiction, it has no authority to review the General Counsel's decisions under *Kyne*.

Even if *Kyne* could establish original jurisdiction in a court of appeals, Singla would be unable to establish *Kyne* jurisdiction in this case. That's because plaintiffs invoking *Kyne* must show, among other things, the violation of "plain and unambiguous" statutory language. Indeed, this Court has found that the agency's action must be deemed "blatantly lawless" in order for the exception to apply. *Abercrombie*, 833 F.2d at 675. Singla's memorandum fails to identify any statutory language that has been violated as a result of the General Counsel's conduct. Singla only claims that the General Counsel "failed to properly apply" the Board doctrine developed in *Wright Line* [ECF No. 9, at 2], an allegation that does not establish jurisdiction under *Kyne*.

In sum, the General Counsel's decision to dismiss the charges filed by Singla is not reviewable under *Kyne*, as "nothing in [the Act] requires [her] to issue complaints." *Baker*, 691 F.2d at 1297. In other words, there is no imaginable "situation where the refusal of the

General Counsel to issue a complaint would violate an express statutory command of the Act as it now exists." *Id.* at 1296-97; *NLRB v. Ind. & Mich. Elec. Co.*, 318 U.S. 9, 18 (1943) ("[The NLRB] is not required by the statute to move on every charge; it is merely enabled to do so.").

## CONCLUSION

For these reasons, this Court should find that it lacks subject matter jurisdiction to review the General Counsel's refusal to issue an unfair labor practice complaint and should dismiss Singla's petition.

Respectfully submitted,


DALFORD DEAN OWENS
Assistant General Counsel
Dean.Owens@nlrb.gov
(202) 273-2934

AARON SAMSEL
Supervisory Attorney
Aaron.Samsel@nlrb.gov
(202) 273-1923

/s/Kwame Samuda
KWAME SAMUDA
Senior Trial Attorney
Kwame.Samuda@nlrb.gov
(202) 273-2872

National Labor Relations Board
Office of the General Counsel

Contempt, Compliance, and Special
Litigation Branch
1015 Half Street, S.E.
Washington, DC 20003

Dated: September 15, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I certify further that I served a paper copy to Petitioner, Dipesh Singla via UPS Worldwide Express mail, at the following address:

Dipesh Singla
184, NAC Shivalik Enclave
Manimajra, Chandigarh, 160101,

and an electronic copy by email to Mr. Singla at:

dipeshsingla668@gmail.com.

/s/ Kwame Samuda
KWAME SAMUDA
Senior Trial Attorney
(202) 273-2872
Kwame.Samuda@nlrb.gov

National Labor Relations Board
Contempt, Compliance, and Special Litigation Branch
1015 Half Street, S.E., Fourth Floor
Washington, D.C. 20003

Dated: this 15th day of September, 2026,
in Washington, D.C.

FORM NLRB-501
(3-21)

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**CHARGE AGAINST EMPLOYER**

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case 13-CA-366016 | Date Filed 5/20/2025 |

**INSTRUCTIONS:**
**File an original with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.**

**1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT**

a. Name of Employer
University of Chicago

b. Tel. No.
(773) 457-1046

c. Cell No.

f. Fax. No.

d. Address *(Street, city, state, and ZIP code)*
5801 S Ellis Ave, Chicago, IL 60637, United States

IL Chicago 60615

e. Employer Representative

g. e-mail

h. Number of workers employed
10000

i. Type of Establishment *(factory, mine, wholesaler, etc.)*

j. Identify principal product or service

The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and (list subsections) 3,1,2,5 of the National Labor Relations Act, and these unfair labor practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

2. Basis of the Charge *(set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)*

--See additional page--

3. Full name of party filing charge *(if labor organization, give full name, including local name and number)*
Dipesh Singla

4a. Address *(Street and number, city, state, and ZIP code)*

5118 S Blackstone Ave old address
IL Chicago 60615

4b. Tel. No.
(773) 457-1046

4c. Cell No.

4d. Fax No.

4e. e-mail
dipeshsingla668@gmail.com

5. Full name of national or international labor organization of which it is an affiliate or constituent unit *(to be filled in when charge is filed by a labor organization)*

**6. DECLARATION**
I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief.

Dipesh Singla (signature)
*(signature of representative or person making charge)*

Dipesh Singla
*(Print/type name and title or office, if any)*

Address 5118 S Blackstone Ave old address
Chicago IL 60615

Date 05/21/2025 02:34:00 AM

Tel. No.
(773) 457-1046

Office, if any, Cell No.

Fax No.

e-mail
dipeshsingla668@gmail.com

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**

**PRIVACY ACT STATEMENT**

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 *et seq.* The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information may cause the NLRB to decline to invoke its processes.

Exhibit A

## Basis of the Charge

**8(a)(3)**

Within the previous six months, the Employer discharged an employee(s) because the employee(s) joined or supported a labor organization and in order to discourage union activities and/or membership.

| Name of employee discharged | Approximate date of discharge |
|---|---|
| Dipesh Singla | |

**8(a)(1)**

Within the previous six months, the Employer discharged an employee(s) because the employee(s) engaged in protected concerted activities by, inter alia, discussing wages and/or other terms and conditions of employment and in order to discourage employees from engaging in protected concerted activities.

| Name of employee discharged | Approximate date of discharge |
|---|---|
| Dipesh Singla | |

**8(a)(1)**

Within the previous six months, the Employer discharged an employee(s) because the employee(s) engaged in protected concerted activities by, inter alia, protesting terms and conditions of employment and in order to discourage employees from engaging in protected concerted activities.

| Name of employee discharged | Approximate date of discharge |
|---|---|
| Dipesh Singla | |

**8(a)(3)**

Within the previous six months, the Employer disciplined or retaliated against an employee(s) because the employee(s) joined or supported a labor organization and in order to discourage union activities and/or membership.

| Name of employee disciplined/retaliated against | Type of discipline/retaliation | Approximate date of discipline/retaliation |
|---|---|---|
| Dipesh Singla | Retaliation to Union Activity | |

**8(a)(1)**

Within the previous six months, the Employer disciplined or retaliated against an employee(s) because the employee(s) engaged in protected concerted activities by, inter alia, discussing wages, hours, or other terms and conditions of employment and in order to discourage employees from engaging in protected concerted activities.

| Name of employee disciplined/retaliated against | Type of discipline/retaliation | Approximate date of discipline/retaliation |
|---|---|---|
| Dipesh Singla | Retaliation to Union Activity (Grievance Filing) | |

**8(a)(1)**

Within the previous six months, the Employer disciplined or retaliated against an employee(s) because the employee(s) engaged in protected concerted activities by, inter alia, protesting terms and conditions of employment and in order to discourage employees from engaging in protected concerted activities.

| Name of employee disciplined/retaliated against | Type of discipline/retaliation | Approximate date of discipline/retaliation |
|---|---|---|

| | | |
|---|---|---|
| Dipesh Singla | Retaliation to Union Activity (Grievance Filing) | |

**8(a)(3)**

Within the previous six months, the Employer refused to hire an employee(s) because the employee(s) joined or supported a labor organization and in order to discourage union activities or membership.

| Name of employee refused hire | Approximate date of refusal to hire |
|---|---|
| Dipesh Singla | |

**8(a)(1)**

Within the previous six months, the Employer refused to hire an employee(s) because the employee(s) engaged in protected concerted activities by, inter alia, discussing wages, hours, or other terms and conditions of employment and in order to discourage employees from engaging in protected concerted activities.

| Name of employee refused hire | Approximate date of refusal to hire |
|---|---|
| Dipesh Singla | |

**8(a)(1)**

Within the previous six months, the Employer refused to hire an employee(s) because the employee(s) engaged in protected concerted activities by, inter alia, protesting wages, hours, or other terms and conditions of employment and in order to discourage employees from engaging in protected concerted activities.

| Name of employee refused hire | Approximate date of refusal to hire |
|---|---|
| Dipesh Singla | |

**8(a)(3)**

Within the previous six months, the Employer refused to recall an employee(s) from layoff because the employee(s) joined or supported a labor organization and in order to discourage union activities or membership.

| Name of employees denied reinstatement or recall | Date restatement or recall denied |
|---|---|
| Dipesh Singla | |

**8(a)(1)**

Within the previous six months, the Employer refused to recall an employee(s) because the employee(s) engaged in protected concerted activities by, inter alia, discussing wages, hours, or other terms and conditions of employment and in order to discourage employees from engaging in protected concerted activities.

| Name of employees denied reinstatement or recall | Date restatement or recall denied |
|---|---|
| Dipesh Singla | |

**8(a)(1)**

Within the previous six months, the Employer refused to hire an employee(s) because the employee(s) engaged in protected concerted activities by, inter alia, protesting wages, hours, or other terms and conditions of employment and in order to discourage employees from engaging in protected concerted activities.

| Name of employees denied reinstatement or recall | Date restatement or recall denied |
|---|---|
| Dipesh Singla | |

**8(a)(3)**

Within the previous six-months, the Employer has refused to reinstate an employee(s) after an unconditional offer to return to work.

| Name of employees denied reinstatement or recall | Approximate Date restatement or recall denied |
|---|---|
| Dipesh Singla | |

**8(a)(1)**

Within the previous six-months, the Employer has interfered with, restrained, and coerced its employees in the exercise of rights protected by Section 7 of the Act by threatening to retaliate against employees if they joined or supported a union.

| Name of Employer's Agent/Representative who made the statement | Approximate date |
|---|---|
| Dipesh Singla | |

**8(a)(1)**

Within the previous six-months, the Employer has interfered with, restrained, and coerced its employees in the exercise of rights protected by Section 7 of the Act by engaging in surveillance or creating impression of surveillance of employees' union activities.

| Name of Employer's Agent/Representative who made the statement | Approximate date |
|---|---|
| Dipesh Singla | |

**8(a)(1)**

Within the previous six-months, the Employer has interfered with, restrained, and coerced its employees in the exercise of rights protected by Section 7 of the Act by denying an employee's request for union representation during a disciplinary investigation.

| Approximate date representation was denied |
|---|
| 02/24/2025 |

**8(a)(1)**

Within the previous six-months, the Employer has interfered with, restrained, and coerced its employees in the exercise of rights protected by Section 7 of the Act by maintaining work rules that prohibit employees from discussing wages, hours, or other terms or conditions of employment.

**8(a)(1)**

Within the previous six-months, the Employer has interfered with, restrained, and coerced its employees in the exercise of rights protected by Section 7 of the Act by maintaining work rules that prevent or discourage employees from forming, joining, or supporting a labor organization.

**8(a)(1)**

Within the previous six-months, the Employer has interfered with, restrained, and coerced its employees in the exercise of rights protected by Section 7 of the Act by maintaining work rules that prevent or discourage employees from contacting and/or filing charges with the National Labor Relations Board.

**8(a)(1)**

Within the previous six-months, the Employer has interfered with, restrained, and coerced its employees in the exercise of rights protected by Section 7 of the Act by maintaining work rules that prevent or discourage employees from engaging in protected concerted activities.

**8(a)(2)**
Within the previous six months, the Employer has unlawfully recognized and bargained with a labor organization that does not have the support of the majority of the employer's employees.

**8(a)(2)**
Within the previous six months, the Employer has provided unlawful assistance and support to a labor organization.

**8(a)(2)**
Within the previous six months, the Employer unlawfully dominated or controlled the operations of a labor organization.

**8(a)(5)**
Within the previous six months, the Employer failed and refused to bargain in good faith with the union as the collective bargaining representative of its employees by making unilateral changes in terms and conditions of employment.

| List Changes | Approximate date of change |
|---|---|
| Firing of Overtime hours for work after 6 months | |

**8(a)(5)**
Within the previous six months, the Employer failed and refused to bargain in good faith with the union as the collective bargaining representative of its employees by failing to furnish information requested by the union.

| Date of request | Employer representative | List items requested | Date refused |
|---|---|---|---|
| 02/01/2025 | | Grievance Filed on this date | |

Exhibit A

FORM NLRB-501
(3-21)

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case<br>13-CA-366016 | Date Filed<br>12/2/2025 |

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD

**FIRST AMENDED** **CHARGE AGAINST EMPLOYER**

INSTRUCTIONS: File an original with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

| 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT | | |
|---|---|---|
| a. Name of Employer<br><br>University of Chicago | | b. Tel. No.<br><br>(773)457-1046<br>c. Cell No.<br><br>f. Fax. No. |
| d. Address *(Street, city, state, and ZIP code)*<br><br>5801 South Ellis Avenue, Chicago, IL 60637 | e. Employer Representative | g. e-mail<br><br>h. Number of workers employed<br><br>39, 195 |
| i. Type of Establishment *(factory, mine, wholesaler, etc.)*<br>University | j. Identify principal product or service<br>Academic Instruction | |
| The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and (3) of the National Labor Relations Act, and these unfair labor practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are practices affecting commerce within the meaning of the Act and the Postal Reorganization Act. | | |

Exhibit A

2. Basis of the Charge *(set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)*

(1)Within the previous six months, the Employer discharged an employee(s) because the employee(s) joined or supported a labor organization and in order to discourage union activities and/or membership.

(2)Within the previous six months, the Employer discharged an employee(s) because the employee(s) engaged in protected concerted activities by, inter alia, discussing wages and/or other terms and conditions of employment and in order to discourage employees from engaging in protected concerted activities.

(3)Within the previous six months, the Employer discharged an employee(s) because the employee(s) engaged in protected concerted activities by, inter alia, protesting terms and conditions of employment and in order to discourage employees from engaging in protected concerted activities.

(4)Within the previous six months, the Employer disciplined or retaliated against an employee(s) because the employee(s) engaged in protected concerted activities by, inter alia, protesting terms and conditions of employment and in order to discourage employees from engaging in protected concerted activities.

(5)Within the previous six months, the Employer refused to hire an employee(s) because the employee(s) engaged in protected concerted activities by, inter alia, discussing wages, hours, or other terms and conditions of employment and in order to discourage employees from engaging in protected concerted activities.

(6)Within the previous six-months, the Employer has interfered with, restrained, and coerced its employees in the exercise of rights protected by Section 7 of the Act by denying an employee's request for union representation during a disciplinary investigation.

Exhibit A

3. Full name of party filing charge *(if labor organization, give full name, including local name and number)*
Dipesh Singla

| | |
|---|---|
| 4a. Address *(Street and number, city, state, and ZIP code)*<br><br>184, NAC, Shivalik Enclave, Manimajra, Chandigarh, 160101 India | 4b. Tel. No.<br><br>+1(773)457-1046 |
| | 4c. Cell No.<br><br>+17734571046, and +917973996818 |
| | 4d. Fax No. |
| | 4e. e-mail<br><br>dipeshsingla668@gmail.com |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit *(to be filled in when charge is filed by a labor organization)*

| | | | |
|---|---|---|---|
| 6. DECLARATION<br>I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief. | | | Tel. No.<br><br>+1(773)457-1046, and +917973996818 |
|  | | Dipesh Singla | Office, if any, Cell No. |
| (*signature of representative or person making charge*) | | (*Print/type name and title or office, if any*) | Fax No. |
| Address: 184, NAC, Shivalik Enclave, Manimajra, Chandigarh, 160101 India | Date: | 2 December 2025 | e-mail<br><br>dipeshsingla668@gmail.com |

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**

**PRIVACY ACT STATEMENT**

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 *et seq.* The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information may cause the NLRB to decline to invoke its processes.

Exhibit A

FORM NLRB-508
(3-21)

FORM EXEMPT UNDER 44 U.S.C 3512

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD

**CHARGE AGAINST LABOR ORGANIZATION OR ITS AGENTS**

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case: 13-CB-376043 | Date Filed: 12/02/2025 |

INSTRUCTIONS: File an original with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

**1. LABOR ORGANIZATION OR ITS AGENTS AGAINST WHICH CHARGE IS BROUGHT**

a. Name
Teamsters Local 743

b. Union Representative to contact
Harold Johnson
Title:

c. Address *(Street, city, state, and ZIP code)*
Teamsters Local 743 4620 S. Tripp Ave. Chicago, IL. 60632
IL Chicago 60632

d. Tel. No. (773) 299-1774
e. Cell No. (773) 633-5151
f. Fax No. (773) 254-7111
g. e-Mail hjohnson@teamsterslocal743.com

h. *The above-named labor organization has engaged in and is engaging in unfair* labor practices within the meaning of section 8(b) and (list subsections) (1)(A),(1)(A), (2) ____ of the National Labor Relations Act, and these unfair labor practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

2. Basis of the Charge *(set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)*

--See additional page--

3. Name of Employer
The University of Chicago

4a. Tel. No. (773) 702-7237
b. Cell No.
c. Fax No.
d. e-Mail provost@uchicago.edu

5. Location of plant involved *(street, city, state and ZIP code)*
5801 South Ellis Avenue, Chicago, IL 60637
IL Chicago 60637

6. Employer representative to contact

7. Type of establishment *(factory, mine, wholesaler, etc.)*

8. Identify principal product or service

9. Number of workers employed

10. Full name of party filing charge
Dipesh Singla

11a. Tel. No. (773) 457-1046
b. Cell No. (773) 457-1046
c. Fax No.
d. e-Mail dipeshsingla668@gmail.com

11. Address of party filing charge *(street, city, state and ZIP code.)*
184 NAC Shivalik Enclave, Manimajra, Chandigarh, India 5118 s blackstone ave 60615 Old Addre:
IL Chicago 60615

**12. DECLARATION**

I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief..

Dipesh Singla
*(signature of representative or person making charge)*

Dipesh Singla
*(Print/type name and title or office, if any)*

Address 184 NAC Shivalik Enclave, Manimajra, Chandigarh, India 5118 s blackstoı
Chicago IL 60615

*(date)* 12/02/2025 10:59:17 PM

Tel. No. (773) 457-1046
Cell No. (773) 457-1046
Fax No.
e-Mail dipeshsingla668@gmail.com

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**

**PRIVACY ACT STATEMENT**

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 et seq. The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information may cause the NLRB to decline to invoke its processes.

Exhibit B

# Basis of the Charge

**8(b)(1)(A)**
Within the previous six months, the above-named labor organization has restrained and coerced employees in the exercise of rights protected by Section 7 of the Act by refusing to process the Charging Party's grievance for arbitrary or discriminatory reasons or in bad faith.

**8(b)(1)(A) and 8(b)(2)**
Within the previous six months, the above-named labor organization has restrained and coerced employees in the exercise of rights protected by Section 7 of the Act by operating a hiring hall in a manner that was arbitrary, discriminatory or in bad faith.

**8(b)(1)(A)**
Within the previous six months, the above-named labor organization has restrained and coerced employees in the exercise of rights protected by Section 7 of the Act by issuing unlawful fines and or internal charges.

**8(b)(1)(A)**
Within the previous six months, the above-named labor organization has restrained and coerced employees in the exercise of rights protected by Section 7 of the Act by requiring nonmembers to pay dues and fees that are not related to representational activities.

**8(b)(1)(A) and 8(b)(2)**
Within the previous six months, the above-named labor organization has restrained and coerced employees in the exercise of rights protected by Section 7 of the Act by causing the employer to discriminate against an employee(s) in retaliation for failing to pay union dues.

Exhibit B

FORM NLRB-508
(3-21)

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD

**FIRST AMENDED CHARGE AGAINST LABOR ORGANIZATION OR ITS AGENTS**

FORM EXEMPT UNDER 44 U.S.C 3512

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case 13-CB-376043 | Date Filed 3/18/2026 |

INSTRUCTIONS: File an original with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

**1. LABOR ORGANIZATION OR ITS AGENTS AGAINST WHICH CHARGE IS BROUGHT**

a. Name
Teamsters Local 743

b. Union Representative to contact
Harold Johnson
Title:

c. Address *(Street, city, state, and ZIP code)*
Teamsters Local 743 4620 S. Tripp Ave. Chicago, IL. 60632

d. Tel. No. (773) 299-1774

e. Cell No. (773) 633-5151

f. Fax No. (773) 254-7111

g. e-Mail hjohnson@teamsterslocal743.com

h. *The above-named labor organization has engaged in and is engaging in unfair* labor practices within the meaning of section 8(b) and (list subsections) (1)(A),(1)(A), (2) of the National Labor Relations Act, and these unfair labor practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

2. Basis of the Charge *(set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)*

--See additional page--

Within the past six months, the above-named labor organization has failed and refused to process, assist with, or meaningfully pursue the Charging Party's grievance, and has thereby acted in an arbitrary, discriminatory, and bad faith manner, restraining and coercing the Charging Party in the exercise of rights guaranteed under Section 7 of the Act, in violation of Section 8(b)(1)(A) of the Act .

3. Name of Employer
The University of Chicago

4a. Tel. No. (773) 702-7237

b. Cell No.

c. Fax No.

d. e-Mail provost@uchicago.edu

5. Location of plant involved *(street, city, state and ZIP code)*
5801 South Ellis Avenue, Chicago, IL 60637
IL Chicago 60637

6. Employer representative to contact

7. Type of establishment *(factory, mine, wholesaler, etc.)*

8. Identify principal product or service

9. Number of workers employed

10. Full name of party filing charge
Dipesh Singla

11a. Tel. No. (773) 457-1046

b. Cell No. (773) 457-1046

c. Fax No.

d. e-Mail dipeshsingla668@gmail.com

11. Address of party filing charge *(street, city, state and ZIP code.)*
184 NAC Shivalik Enclave, Manimajra, Chandigarh, India 160101

**12. DECLARATION**

I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief..

Dipesh Singla
*(signature of representative or person making charge)*

Dipesh Singla
*(Print/type name and title or office, if any)*

Address 184 NAC Shivalik Enclave, Manimajra, Chandigarh, India 160101

*(date)* 18/03/2026

Tel. No. (773) 457-1046

Cell No. (773) 457-1046

Fax No.

e-Mail dipeshsingla668@gmail.com

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**

**PRIVACY ACT STATEMENT**

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 et seq. The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information may cause the NLRB to decline to invoke its processes.

Exhibit B

# Basis of the Charge

**8(b)(1)(A)**
Within the previous six months, the above-named labor organization has restrained and coerced employees in the exercise of rights protected by Section 7 of the Act by refusing to process the Charging Party's grievance for arbitrary or discriminatory reasons or in bad faith.

**8(b)(1)(A)**
Within the previous six months, the above-named labor organization has restrained and coerced employees in the exercise of rights protected by Section 7 of the Act by issuing unlawful fines and or internal charges.

**8(b)(1)(A)**
Within the previous six months, the above-named labor organization has restrained and coerced employees in the exercise of rights protected by Section 7 of the Act by requiring nonmembers to pay dues and fees that are not related to representational activities.

**8(b)(1)(A) and 8(b)(2)**
Within the previous six months, the above-named labor organization has restrained and coerced employees in the exercise of rights protected by Section 7 of the Act by causing the employer to discriminate against an employee(s) in retaliation for failing to pay union dues.

Exhibit B

FORM NLRB-508
(3-21)

FORM EXEMPT UNDER 44 U.S.C 3512

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD

**CHARGE AGAINST LABOR ORGANIZATION OR ITS AGENTS**

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case 13-CB-376044 | Date Filed 12/2/2025 |

INSTRUCTIONS: File an original with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

**1. LABOR ORGANIZATION OR ITS AGENTS AGAINST WHICH CHARGE IS BROUGHT**

a. Name
Graduate Students United at the University of Chicago

b. Union Representative to contact
Joseph Rathke
Title:

c. Address *(Street, city, state, and ZIP code)*
Hyde Park Union Church , 4th Floor 5600 S Woodlawn Ave
IL Chicago 60637

d. Tel. No. (224) 534-9146

e. Cell No.

f. Fax No.

g. e-Mail campus.chief.steward@uchicagogsu.org

h. *The above-named labor organization has engaged in and is engaging in unfair* labor practices within the meaning of section 8(b) and (list subsections) (1)(A),(1)(A), (2) of the National Labor Relations Act, and these unfair labor practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

2. Basis of the Charge *(set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)*

--See additional page--

3. Name of Employer
University of Chicago

4a. Tel. No. (773) 702-7237

b. Cell No. (773) 702-7237

c. Fax No.

d. e-Mail provost@uchicago.edu

5. Location of plant involved *(street, city, state and ZIP code)*
5801 South Ellis Avenue, Chicago, IL 60637
IL CHICAGO 60637

6. Employer representative to contact

7. Type of establishment *(factory, mine, wholesaler, etc.)*

8. Identify principal product or service

9. Number of workers employed

10. Full name of party filing charge
Dipesh Singla

11a. Tel. No. (773) 457-1046

b. Cell No. (773) 457-1046

c. Fax No.

d. e-Mail dipeshsingla668@gmail.com

11. Address of party filing charge *(street, city, state and ZIP code.)*
184 NAC Shivalik Enclave, Manimajra, Chandigarh, India Old 1n, 5118 S Blackstone Ave, Chicagc
IL Chicago 60615

**12. DECLARATION**

I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief..

Dipesh Singla
*(signature of representative or person making charge)*

Dipesh Singla
*(Print/type name and title or office, if any)*

Tel. No. (773) 457-1046

Cell No. (773) 457-1046

Fax No.

e-Mail dipeshsingla668@gmail.com

Address 184 NAC Shivalik Enclave, Manimajra, Chandigarh, India Old 1n, 5118 S I
Chicago IL 60615

*(date)* 12/02/2025 10:45:35 PM

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**

**PRIVACY ACT STATEMENT**

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 et seq. The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information may cause the NLRB to decline to invoke its processes.

**Exhibit C**

# Basis of the Charge

**8(b)(1)(A)**

Within the previous six months, the above-named labor organization has restrained and coerced employees in the exercise of rights protected by Section 7 of the Act by refusing to process the Charging Party's grievance for arbitrary or discriminatory reasons or in bad faith.

**8(b)(1)(A) and 8(b)(2)**

Within the previous six months, the above-named labor organization has restrained and coerced employees in the exercise of rights protected by Section 7 of the Act by causing the employer to discriminate against an employee(s) in retaliation for failing to pay union dues.

**Exhibit C**

FORM NLRB-508
(3-21)

FORM EXEMPT UNDER 44 U.S.C 3512

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD

**FIRST AMENDED CHARGE AGAINST LABOR ORGANIZATION OR ITS AGENTS**

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case 13-CB-376044 | Date Filed 3/18/2026 |

INSTRUCTIONS: File an original with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

**1. LABOR ORGANIZATION OR ITS AGENTS AGAINST WHICH CHARGE IS BROUGHT**

a. Name
Graduate Students United at the University of Chicago

b. Union Representative to contact
Joseph Rathke
Title:

c. Address (*Street, city, state, and ZIP code*)
Hyde Park Union Church , 4th Floor 5600 S Woodlawn Ave
IL Chicago 60637

d. Tel. No. (224) 534-9146

e. Cell No.

f. Fax No.

g. e-Mail campus.chief.steward@uchicagogsu.org

h. *The above-named labor organization has engaged in and is engaging in unfair* labor practices within the meaning of section 8(b) and (list subsections) (1)(A),(1)(A), (2) of the National Labor Relations Act, and these unfair labor practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

2. Basis of the Charge (*set forth a clear and concise statement of the facts constituting the alleged unfair labor practices*)

--See additional page--

Within the past six months, the above-named labor organization has failed and refused to process, advance, or meaningfully assist with the Charging Party's grievances despite repeated requests, including requests to confirm status, provide grievance numbers, and advance grievances under the collective bargaining agreement, and has thereby acted in an arbitrary, discriminatory, and bad faith manner, restraining and coercing the Charging Party in the exercise of rights guaranteed under Section 7 of the Act, in violation of Sections 8(b)(1)(A) and 8(b)(2) of the Act, including by failing to represent the Charging Party in connection with discharge, job assignments, and bargaining-unit work, and by permitting or causing adverse employment consequences to occur without proper grievance processing or representation .

3. Name of Employer
University of Chicago

4a. Tel. No. (773) 702-7237

b. Cell No. (773) 702-7237

c. Fax No.

d. e-Mail provost@uchicago.edu

5. Location of plant involved (*street, city, state and ZIP code*)
5801 South Ellis Avenue, Chicago, IL 60637
IL CHICAGO 60637

6. Employer representative to contact

7. Type of establishment (*factory, mine, wholesaler, etc.*)

8. Identify principal product or service

9. Number of workers employed

10. Full name of party filing charge
Dipesh Singla

11a. Tel. No. (773) 457-1046

b. Cell No. (773) 457-1046

c. Fax No.

d. e-Mail dipeshsingla668@gmail.com

11. Address of party filing charge (*street, city, state and ZIP code.*)
184 NAC Shivalik Enclave, Manimajra, Chandigarh, India 160101

**12. DECLARATION**

I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief..

Dipesh Singla
(*signature of representative or person making charge*)

Dipesh Singla
(*Print/type name and title or office, if any*)

Address 184 NAC Shivalik Enclave, Manimajra, Chandigarh, India 160101

(*date*) 18/03/2026

Tel. No. (773) 457-1046

Cell No. (773) 457-1046

Fax No.

e-Mail dipeshsingla668@gmail.com

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**

**PRIVACY ACT STATEMENT**

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 et seq. The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information may cause the NLRB to decline to invoke its processes.

**Exhibit C**

# Basis of the Charge

**8(b)(1)(A)**

Within the previous six months, the above-named labor organization has restrained and coerced employees in the exercise of rights protected by Section 7 of the Act by refusing to process the Charging Party's grievance for arbitrary or discriminatory reasons or in bad faith.

**8(b)(1)(A) and 8(b)(2)**

Within the previous six months, the above-named labor organization has restrained and coerced employees in the exercise of rights protected by Section 7 of the Act by causing the employer to discriminate against an employee(s) in retaliation for failing to pay union dues.

**Exhibit C**

FORM NLRB-501
(3-21)

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**CHARGE AGAINST EMPLOYER**

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case 13-CA-383755 | Date Filed 03/30/2026 |

**INSTRUCTIONS:**
**File an original with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.**

**1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT**

| | | |
|---|---|---|
| a. Name of Employer<br>The University of Chicago | | b. Tel. No.<br>(773) 702-1234<br>c. Cell No.<br>f. Fax. No. |
| d. Address *(Street, city, state, and ZIP code)*<br>5801 S Eliis Ave<br>IL Chicago 60637 | e. Employer Representative | g. e-mail<br>provost@uchicago.edu<br>h. Number of workers employed<br>40002 |
| i. Type of Establishment *(factory, mine, wholesaler, etc.)* | j. Identify principal product or service | |

The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and (list subsections) 2,1,4 of the National Labor Relations Act, and these unfair labor practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

2. Basis of the Charge *(set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)*

--See additional page--

3. Full name of party filing charge *(if labor organization, give full name, including local name and number)*
Dipesh Singla

| | |
|---|---|
| 4a. Address *(Street and number, city, state, and ZIP code)*<br>184 Nac Shivalik Enclave Manimajra, chandigarh, 160101 India<br>IL Chandigarh 60615 | 4b. Tel. No.<br>(773) 457-1046<br>4c. Cell No.<br>4d. Fax No.<br>4e. e-mail<br>dipeshsingla668@gmail.com |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit *(to be filled in when charge is filed by a labor organization)*

6. DECLARATION
I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief.

Dipesh Singla (signature)
*(signature of representative or person making charge)*

Dipesh Singla
*(Print/type name and title or office, if any)*

Address 184 Nac Shivalik Enclave Manimajra, chandigarh, 160101 India
Chandigarh IL 60615

Date 03/28/2026 11:14:20 AM

Tel. No. (773) 457-1046
Office, if any, Cell No.
Fax No.
e-mail dipeshsingla668@gmail.com

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**

**PRIVACY ACT STATEMENT**

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 *et seq.* The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information may cause the NLRB to decline to invoke its processes.

**Exhibit D**

# Basis of the Charge

**8(a)(4)**
Within the previous six months, the Employer disciplined or retaliated against an employee(s) because the employee(s) filed charges or cooperated with the NLRB.

| Name of employee disciplined/retaliated against | Type of discipline/retaliation | Approximate date of discipline/retaliation |
|---|---|---|
| Dipesh Singla | Retaliation | |

**8(a)(1)**
Within the previous six-months, the Employer has interfered with, restrained, and coerced its employees in the exercise of rights protected by Section 7 of the Act by engaging in surveillance or creating impression of surveillance of employees' union activities.

| Name of Employer's Agent/Representative who made the statement | Approximate date |
|---|---|
| Dipesh Singla | |

**8(a)(2)**
Within the previous six months, the Employer has provided unlawful assistance and support to a labor organization.

**Exhibit D**