**UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT**

**No. 26-2788**

DIPESH SINGLA,
Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD,
Respondent.

**ON PETITION FOR REVIEW OF FINAL ORDERS OF THE NATIONAL LABOR RELATIONS BOARD**

NLRB Case Nos. 13-CA-366016, 13-CA-383755, 13-CB-376043, 13-CB-376044

**PETITIONER'S MOTION FOR MULTI-DISTRICT PACER ACCESS AND FREE ACCESS TO LEGAL RESEARCH PLATFORMS**

Petitioner Dipesh Singla, proceeding pro se, respectfully moves this Hon'ble Court for an order granting him (1) multi-district access to the Public Access to Court Electronic Records ("PACER") system for all federal courts at no cost for a period of 24 to 36 months, and (2) free access to legal research platforms, including but not limited to LexisNexis, Westlaw, vLex, Digital Legal Library(or Libraries), Video Footages of 7th Circuit(Hon'ble) Hearings, and other relevant legal databases, for 24 to 36 months. Without these, prosecuting cases against an agency as powerful as the NLRB, and a university as powerful as UChicago, is futile for the plaintiff even if the claims are full of merit. Also see: https://1drv.ms/w/c/cb5a9ea1fc1bce73/IQB7Jo4cZB93QpF2UBXqpNBYAVREt7WlHv7wcqBy8HAUTJM?e=TDfnf3

**In support of this motion, Petitioner states as follows:**

**I. INTRODUCTION**

1. Petitioner is an indigent, disabled, pro se litigant currently residing in Chandigarh, India. Plaintiff is unemployed.

2. Petitioner is engaged in a complex, multi-faceted appeal involving four consolidated cases, a voluminous administrative record, and significant novel questions of law concerning the jurisdiction of the National Labor Relations Board (NLRB), due process, and the application of the National Labor Relations Act (NLRA).

3. The effective prosecution of this appeal requires extensive legal research and access to federal court filings. Petitioner lacks the financial resources to pay for PACER access or commercial legal research platforms. Without such access, Petitioner is severely disadvantaged and unable to meaningfully participate in his own appeal, denying him the meaningful access to justice and due process guaranteed by the Constitution.

   **Example:** https://www.mcguirewoods.com/client-resources/alerts/2026/3/nih-signals-potential-shift-in-grad-student-employee-status-under-nlra/?pdf&post_id=102879

**NLRB's Shifting Positions**

"The question of whether graduate students who serve as teaching assistants or research fellows are "employees" under the National Labor Relations Act (NLRA) has been the subject of repeated reversals over the past 25 years.

In 2000, the Board held in *New York University (III)*, 332 NLRB 1205 (2000), that graduate assistants are statutory employees entitled to collective bargaining rights. Four years later, in *Brown University,* 342 NLRB 483 (2004), a Republican-majority Board overruled that decision, concluding that graduate assistants are primarily students rather than employees and that extending NLRA protections to them would improperly intrude upon educational relationships.

The pendulum swung again in 2016 when a Democratic-majority Board decided *Columbia University*, 364 NLRB 1080 (2016), overruling *Brown University* and restoring employee status to graduate assistants. The *Columbia* decision emphasized that graduate students who perform services for compensation under the university's control satisfy the statutory definition of "employee," regardless of their simultaneous status as students. This framework remains the governing precedent today.

In recent years, graduate student unionization reached historically high levels. By 2024, approximately 38% of graduate students were union members, representing one of the most densely unionized segments of the American workforce."

## II. RELEVANT BACKGROUND

4. Petitioner requested leave to proceed in forma pauperis by this Court. As an indigent litigant, Petitioner is entitled to the tools necessary to present its case fairly.
5. Plaintiff in GOOD FAITH believes even if the claims name plaintiff as individual prosecuting party against UChicago, Unions, and now NLRB this case is for greater good and to have remedy full law instead of remedy less ones. See: https://1drv.ms/w/c/cb5a9ea1fc1bce73/IQB7Jo4cZB93QpF2UBXqpNBYAVREt7WlHv7wcqBy8HAUTJM?e=TDfnf3 , so for greater good and class of people victim of recidivist, most importantly students(but not limited to), I am requesting this motion to be granted in entirety.
6. Petitioner is litigating from overseas, which creates significant logistical and financial barriers to accessing legal materials.
7. The underlying case involves a substantial administrative record, including extensive filings, exhibits, and a lengthy brief. (See Petitioner's Opening Brief, ECF No. 9). Navigating this record and researching relevant case law and statutes is impossible without access to the requested platforms.

## III. ARGUMENT

### A. Multi-District PACER Access Is Essential for Meaningful Participation and Should Be Granted at No Cost.

8. PACER provides electronic access to federal court records, which are public documents. 28 U.S.C. § 1915(a)(1) allows a court to waive fees and costs for indigent litigants. While PACER fees are statutorily authorized, courts have the discretion to waive them

or provide free access to indigent litigants to ensure meaningful access to the courts. In addition also *See, https://www.courtlistener.com/docket/71915613/in-re-multi-district-pacer-exemption-for-graduate-student-mr-sixun-tang/ (UChicago Student got access: In RE: Multi-District PACER Exemption for Graduate Student Mr. Sixun Tang from the University of Chicago, Booth School of Business (1:25-mc-91535)).* **Plaintiff pleads before the court in conscience that it is a researcher and evidence of research is in hon'ble court's information.** *See:* https://1drv.ms/w/c/cb5a9ea1fc1bce73/IQB7Jo4cZB93QpF2UBXqpNBYAVREt7W1Hv7wcqBy8HAUTJM?e=TDfnf3 . Plaintiff had also published research in past in Wiley, and Springer etc. Plaintiff brings the appeals in good faith for greater good and not only individual. There are many people who are also victims for recidivist University pursuant to my research. In good faith therefore this access most likely help class of people who got career, mental peace, enjoyment of life, and more ended due to abuse of abusive institutions, especially when an individual is defenceless against such institutions.

**9.** Without multi-district PACER access, Petitioner cannot review the filings of the National Labor Relations Board or other parties, research relevant precedents from other circuits, or access the full record necessary to formulate it's arguments. The ability to access these records is fundamental to a fair appeal.

**10.** Granting 24-month multi-district access, LexisNexis, Westlaw, vLex, Digital Legal Library(or Libraries), Video Footages of 7th Circuit(Hon'ble) Hearings, at no cost is reasonable and necessary given the complexity of this case, the expected duration of the appeal, and Petitioner's indigence and international residence. This request is made in good faith to ensure Petitioner can prepare his filings adequately.

**B. Free Access to Commercial Legal Research Platforms Is Necessary to Ensure Meaningful Access to Justice.**

**11.** The legal issues raised in this appeal are complex and require access to a wide range of primary and secondary legal sources. These include:

- Federal statutes, such as the NLRA (29 U.S.C. §§ 151 *et seq.*), the Administrative Procedure Act (5 U.S.C. § 706), and the Rehabilitation Act (29 U.S.C. § 794).
- Supreme Court precedents, including *Leedom v. Kyne*, *NLRB v. Transportation Management Corp.*, *Vaca v. Sipes*, and *SEC v. Jarkesy.*
- Seventh Circuit precedent, such as *Sparks v. NLRB*, *Columbia College Chicago v. NLRB*, and *NLRB v. ADT LLC*.
- NLRB decisions and regulations, including *Wright Line* and 29 C.F.R. §§ 102.19, 102.31.
- The complex jurisdictional and constitutional questions presented.

**12.** Petitioner has previously advised the Court of his lack of access to legal research platforms. (See Petitioner's Brief Memorandum Regarding Jurisdiction, ECF No. 9, at 4; Petitioner's Motion for Leave to File Extended Brief, ECF No. 3, at 2). This lack of

access has already impaired Petitioner's ability to research and brief the complex issues in this case. Petitioner has been forced to rely on publicly available internet resources, which are often inadequate for comprehensive legal research.

**13.** The provision of legal research access to pro se litigants is a growing practice that recognizes the fundamental fairness requirement of due process. *See* *Bounds v. Smith*, 430 U.S. 817, 828 (1977) (holding that prisoners have a fundamental right of access to the courts, which includes the tools necessary to prepare a case). While *Bounds* addressed prisoner access to law libraries, the underlying principle—that indigent litigants require legal resources to meaningfully access the courts—applies with equal force here. The court haves inherent authority to provide a litigant with the tools necessary to make his case.

**14.** The Court has the inherent authority under 28 U.S.C. § 1651 (the All-Writs Act) to ensure a just and fair resolution of the cases before it. This includes the power to grant access to legal research tools.

**IV. CONCLUSION**

**15.** The ability to research the law and access federal court records is essential to Petitioner's ability to prosecute. Denying him access to these tools because of his poverty and geographical location would effectively deny it justice like many other plaintiffs, especially pro se's See: https://1drv.ms/w/c/cb5a9ea1fc1bce73/IQB7Jo4cZB93QpF2UBXqpNBYAVREt7W1Hv7wcqBy8HAUTJM?e=TDfnf3. Petitioner respectfully requests that this Court grant this motion to ensure that he can meaningfully participate in these proceedings.

**V. PRAYER FOR RELIEF**

WHEREFORE, Petitioner Dipesh Singla respectfully requests that this Court:

1. Grant Petitioner multi-district PACER access for all federal courts at no cost for a period of 24 months; and

2. Grant Petitioner free access to legal research platforms, including LexisNexis, Westlaw, vLex, Digital Legal Library(or Libraries), video footage of 7th Circuit(Hon'ble) Hearings, and other relevant legal databases, for a period of 24 to 36 months.

3. Prays, not to deny this as moot or otherwise in any condition. Prays to grant this motion in its entirety.

Respectfully submitted this 17th day of September, 2026.

/s/ Dipesh Singla
Dipesh Singla
Petitioner, Pro Se
184, NAC, Shivalik Enclave, Manimajra

Chandigarh, 160101, India
dipeshsingla668@gmail.com
+1 (773) 457-1046

**CERTIFICATE OF SERVICE**

I certify that on this 17th day of September, 2026, a true and correct copy of the foregoing Petitioner's Motion for Multi-District PACER Access and Free Access to Legal Research Platforms was filed with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit via the Court's email system. Upon docketing by the Clerk on the Court's CM/ECF system, a digital copy of this filing will be served automatically on all parties on record.

Served to:
USCA7_Clerk@ca7.uscourts.gov (Via Email)

/s/ Dipesh Singla
Dipesh Singla
Petitioner, Pro Se